**In re the Application of CBS, INC.**

**UNITED STATES, Plaintiff,**

v.

**Pierce L. SHANNON, Defendant.**

**No. 81 CR 478.**

United States District Court, N. D. Illinois, E. D.

June 17, 1982.

Sally K. Ortner, Sidley & Austin, Chicago, Ill., on behalf of CBS, Inc.

Dan K. Webb, U. S. Atty. by David Bohan and Stephen Senderowitz, Asst. U. S. Attys., Chicago, Ill., for plaintiff.

William A. Barnett, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

The matter before the Court arises out of the investigation, and subsequent indictment, of various individuals who have been accused of violations of Title 18 U.S.C. §§ 1341, 1962(c), and 1963 in connection with various activities conducted before the Cook County Board of Appeals. On February 11, 1982, a sentencing hearing was conducted in the case of *The United States of America v. Pierce L. Shannon*, 81 CR 478. In that hearing, certain portions of various tape recorded conversations were played in open court. The conversations which are the subject of this motion transpired between Defendant Shannon and Donald Erskine, a former employee of the Cook County Board of Appeals.[1] Before the Court is the application of petitioner, CBS, Inc., for production and copying of the original tape recordings of conversations involving Defendant Shannon which were played, or the contents of which were read, in open court, and any other portions of the tapes included

---

1. Erskine had previously entered a plea of guilty. In connection with this plea agreement, Erskine agreed to cooperate in the government investigation. In the course of this investigation, Erskine wore a body recorder while engaged in conversation with various individuals who had allegedly bribed him while he was employed at the Cook County Board of Appeals.

in transcripts which were disseminated to the media. The United States Attorney, and Defendant Shannon, have objected to the production of these recordings. For the reasons which follow, the application of petitioner CBS, Inc. is granted.

The United States Attorney, in its objection to petitioner's application for production, argues that the recorded conversations may prejudice the rights of certain individuals who are presently under investigation but not yet subject to criminal proceedings. The government argues that while this factor is admittedly "speculative," the right of third parties to a fair trial is the predominant issue.[2] Defendant Shannon argues that the tapes in question are not judicial records, that the rights of third parties would be prejudiced, and that the tape recordings were obtained in violation of Ill. Rev.Stat. CH 38 § 14–1 et seq. Petitioner argues in response that there exists a strong presumption in favor of public access and that respondents have failed to demonstrate circumstances which would warrant nonproduction.

■■■ The Court agrees with petitioner that there exists a strong presumption in favor of public access to judicial records.[3] *In Re Applications of Video-Indiana Inc., and Mid-America Radio, Inc., U. S. v. Edwards, et al.*, 672 F.2d 1289 (7th Cir. 1982). This presumption may be rebutted when there are conflicting interests between the public right of access and a defendant's constitutional right to a fair trial. The balancing of these interests is committed to the sound discretion of the Court. *Nixon v. Warner Communications*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). While the Court may deny access, the burden is upon the party seeking to interfere with this common law right to demonstrate that justice requires the denial of access. The Court may not, however, deny access on the basis of unsupported hypothesis or conjecture. *In Re the Application of Video-Indiana, Inc., and Mid-America Radio, Inc., U. S. v. Edwards, et al.*, 672 F.2d 1289 (7th Cir. 1982).

■■■ In the present application, the government admits that the possible prejudice to the right to a fair trial of those yet to be indicted is highly speculative. Defendant Shannon has already pleaded guilty and his sentence has been imposed. His interest in the matter is therefore minimal. Under these circumstances, the Court finds that the respondents have failed to demonstrate that any prejudice to the right to a fair trial of possible third parties will result if petitioner's request is granted. In addition, there are no allegations that petitioner's motivation for production is to utilize the information sought "to gratify private spite or promote public scandal ... or as sources of business information that might harm a litigant's competitive standing ...": *Nixon v. Warner Communications*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). Furthermore, considerable public access to the contents of these tapes has already been provided by way of printed transcripts.[4] The public interest in access, however, is particularly strong

2. The United States Attorney has also raised a possible conflict of interest on the part of the law firm of Sidley & Austin. The government alleges that the law firm of Sidley & Austin represents not only CBS, Inc., but also an individual under investigation whose name is mentioned on the recordings. CBS has filed the affidavit of John H. Hultman, the news director of WBBM radio, which states that CBS does not seek at this time that portion of the tape recorded material in which the individual under investigation is mentioned. For this reason, the Court finds that there is at present no conflict of interest in this joint representation.

3. The non-documentary nature of the materials sought to be copied does not affect this com-

mon law presumption of access. *In Re the Application of NBC, Inc. (U. S. v. Meyers)* 635 F.2d 945, at 949–950 (2nd Cir. 1980). Nor is the Court persuaded that the tapes sought are not "judicial records" because they were not technically admitted in evidence in the course of a trial. The Court believes that the policy behind the common law presumption of access is that what transpires in the courtroom is public property. *United States v. Mitchell*, 551 F.2d 1252, 1258 (D.C.Cir.1976). This policy is equally applicable to a sentencing hearing.

4. The transcripts of the material sought have already been provided to CBS, Inc. pursuant to this Court's order.

where, as in the present case, the materials sought are related to the corruption of a public agency. For these reasons, the Court finds that respondents have failed to meet their burden of demonstrating that denial of public access is necessary and therefore the Court grants petitioner's request for production and copying.[5]

IT IS SO ORDERED.

---

5. The Court finds that respondent Shannon's argument related to Ill.Rev.Stat. Chapter 38 §§ 14–1 et seq. to be without merit. Whatever privacy right defendant may have had in these taped conversations has been lost when the tapes were played in open court. *U. S. v. Criden*, 648 F.2d 814, 828 (3rd Cir. 1981).