UNITED STATES of America, Plaintiff,

v.

Samuel MILLER and John J. Rolle, Defendants.

No. 83–896–Cr–SMA.

United States District Court, S.D. Florida, Miami Division.

Jan. 31, 1984.

Richard Gregorie, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Raymond Takiff, Steven Kollin, Coconut Grove, Fla., Dan Paul Steven Kamp (NBC), Thomas Julin (Post-Newsweek), Florence Beth Snyder (Sunbeam), Miami, Fla., for defendants.

## MEMORANDUM OPINION

ARONOVITZ, District Judge.

This matter is before the Court on motions filed by The National Broadcasting Company ("NBC"), which is joined by The Miami Herald Publishing Company ("The Miami Herald") ("the NBC Motion"), and Sunbeam Television Corporation ("Sunbeam") and Post-Newsweek Stations, Florida, Inc. ("Post-Newsweek"), seeking access to audio and video tapes offered in evidence or played in part at the Court's bond reduction hearing in this action (the "hearing tapes"). The NBC Motion also seeks the right to inspect and copy video and/or audio tapes which were relied upon by the Government in an affidavit and in the testimony of the Government's witness at a

bond hearing before the Magistrate in this action, but which were not introduced into evidence (the "affidavit tapes"). For the reasons set forth below, the motions with respect to the hearing tapes are granted and the motions with respect to the affidavit tapes are denied without prejudice.

## I. *The Access Motions*

Defendants Miller and Rolle were arrested on various charges relating to an alleged conspiracy to import cocaine into the United States.[1] A bail hearing was held before the United States Magistrate, at which bond was set for each Defendant in the amount of $300,000.

The initial access motions filed by the media arose out of the introduction into evidence at the Magistrate's hearing of an affidavit executed by Drug Enforcement Administration ("DEA") Special Agent Harry B. Spence, Jr., in which the DEA Special Agent provided a detailed description of video and/or audio tapes which record an alleged conversation between himself, one Life Curtis, and a confidential source. The tapes purportedly show Miller taking cash from Spence in return for agreeing to permit Big Whale Cay, Bahamas, to be used as a landing site for the importation of illegal drugs through the Bahamas into the United States (the "Spence Affidavit"). The Spence Affidavit was not only attached to the Government's complaint and relied upon by the Government at the bail hearing, but it was also the subject of intensive cross-examination of Spence by the Defendants. During this cross-examination, the contents of the affidavit tapes were discussed in detail, just as they were in the Spence Affidavit itself. At the bail hearing, NBC filed a motion for access to the affidavit tapes. Sunbeam and Post-Newsweek later filed a joint motion also seeking access to all tapes "relied

upon by the United States in prosecution of this cause."

Subsequently, at a bail reduction appeal hearing before this Court two audio and video tapes[2] were played in part in open court and were offered into evidence in their entirety. The media have filed renewed motions for access to all of the tapes, and the Government has filed a memorandum in which it states that it does not oppose such access "insofar as it appears to be limited solely to those tapes actually played in open court on December 1, 1983." However, the Government and the Defendants oppose the NBC Motion for access to all of the affidavit tapes, on the ground they are not in evidence.

## II. *The Common Law Right of Access To The Hearing Tapes.*

 As noted above, this Court held a hearing in which two tapes were offered into evidence, and in which portions of these tapes were played in open court. The introduction of the hearing tapes into evidence makes them part of the public judicial record in this action, and therefore subject to inspection and copying under the well-recognized common law right of access to judicial records. See *Nixon v. Warner Communications*, 435 U.S. 589, 597 & nn. 7, 8, 98 S.Ct. 1306, 1311 & nn. 7, 8, 55 L.Ed.2d 570 (1978) (common law right to inspect and copy judicial records). As the Second Circuit held in the "Abscam" case of *In re Application of National Broadcasting Company United States v. Myers*, 635 F.2d 945, 952 (2d Cir.1980):

"... there is a presumption in favor of public inspection and copying of any item introduced into evidence at a public session of a trial. Once the evidence has become known to the members of the public including representatives of the press, through their attendance at a public session of court, it would take the

---

1. The indictment charges the Defendants with conspiracy to import 800 pounds of cocaine into the United States from Big Whale Cay, Bahamas in violation of 21 U.S.C. § 963; conspiracy to travel in and house the facilities of interstate and foreign commerce to carry on a narcotics

enterprise, in violation of 18 U.S.C. § 371; and eight substantive violations of the Travel Act, 18 U.S.C. § 1952.

2. These "hearing tapes" may also be among the "affidavit tapes".

most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance in the courtroom to see and hear the evidence when it is in a form which readily permits sight and sound reproduction." (footnotes omitted)

More recently, the Eleventh Circuit has held that there is

"a common-law right to inspect and copy judicial records. *This right, like the right to attend judicial proceedings,* is important if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system." (emphasis added)

*Newman v. ·Graddick,* 696 F.2d 796, 803 (11th Cir.1983). This Court and numerous other federal courts have granted motions similar to those made here for the inspection and copying of video and/or audio tapes which have been played in open court. *See, e.g., U.S. v. Maddox,* 7 Med.L. Rptr. 2600 (S.D.Fla. Case No. 81–330–Cr–CA, Jan. 12, 1982) (Atkins, J.); *U.S. v. Hastings,* 9 Med.L.Rptr. 1488 (S.D.Fla. Case No. 81–596–Cr–ETG, Jan. 10, 1983) (Gignoux, J.); *U.S. v. Lacayo,* 572 F.Supp. 1222 (S.D.Fla.1983) (King, J.); *In re Application of NBC (Criden* ), 648 F.2d 814 (3d Cir.1981); *U.S. v. Haimowitz,* 7 Med.L. Rptr. 1111 (M.D.Fla. Apr. 6, 1981); *U.S. v. Mouzin,* 559 F.Supp. 463 (C.D.Cal.1983); *U.S. v. Smalley,* 9 Med.L.Rptr. 1255 (N.D. Tex. Feb. 4, 1983); *In re Application of WFMJ,* 566 F.Supp. 1036 (N.D.Ohio 1983); *U.S. v. Pageau,* 535 F.Supp. 1031 (N.D.N. Y.1982); *In re Griffin Television,* 7 Med.L. Rptr. 1947 (W.D.Okl. July 22, 1981); *U.S. v. Carpentier,* 526 F.Supp. 292 (E.D.N.Y. 1981); *U.S. v. Reiter,* 7 Med.L.Rptr. 1927 (D.Md. May 12, 1981); *U.S. v. Shannon,* 540 F.Supp. 769 (N.D.Ill.1982); *U.S.· v. Deane,* 7 Med.L.Rptr. 1405 (S.D.Ga. May 19, 1981).

■ Although the Government and the Defendants have argued that access should be permitted only to the portions of the tapes actually played in court, and not to those tapes which were only offered into evidence, this distinction has no legal significance. As the Court held in *United States v. Carpentier,* 526 F.Supp. 292, 295 (E.D.N.Y.1981):

"... the distinction ... that the tapes were not played during the hearing ... is not dispositive in light of the fact that, by the admission of the tapes into evidence without seal, they became part of the public record."

In *Carpentier,* the Court found that there was a common law and First Amendment right of access to tapes admitted into evidence at a post-trial sentencing hearing. The tapes offered into evidence at the bond reduction appeal hearing held before this Court are no different, and hence under such circumstances, the press and public should be permitted to inspect and copy them.

■ Although neither Defendant served any papers which specifically oppose inspection and copying of the hearing tapes, Defendant Miller served an "Answer" which is directed primarily to the NBC Motion.[3] The arguments in this "Answer" do not meet the burden which the Eleventh Circuit in *Newman v. Graddick,* 696 F.2d 796, 803 (11th Cir.1983) requires of Defendants if they are to overcome the common law right of presumptive access to judicial records:

(a) the tapes are sought for illegitimate purposes such as the promotion of public scandal or the obtaining of unfair commercial advantage;

(b) access to the tapes is not likely to promote public understanding of historically significant events;

(c) the press has not already been permitted substantial access to the contents of the records.

Defendants' Answer contends that NBC is seeking the tapes for the allegedly illegitimate purpose of "anticipated defense of a libel action which libel action in truth and

---

**3.** "Answer to the Motion of The National Broadcasting Company for Inspection and Copying of Video And/Or Audio Tapes", served by Defendant Samuel Leroy Miller on November 7, 1983. This filing was also joined by Defendant Rolle.

in fact, is indefensible", and that no persons other than the "progeny" of Defendants have a constitutionally protected interest in the events related to his trial. These contentions are an insufficient basis upon which to deny access to tapes offered into evidence. First, the fact that NBC allegedly seeks the tapes for defense of a libel action which has not been brought in no way defeats its right of access to the tapes for newsgathering purposes. *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248, 257 (1982) (First Amendment requires compelling governmental interest to preclude exercise of right to gather news); *Branzburg v. Hayes,* 408 U.S. 665, 681, 92 S.Ct. 2646, 2656, 33 L.Ed.2d 626 (1972) ("without some protection for seeking out the news, freedom of the press could be eviscerated"). Defendants' contention that only their progeny have any constitutionally protected interest in events related to their trial has been rejected by the U.S. Supreme Court, which held in *Globe Newspaper, supra* at 457 U.S. 596, 604–06, 102 S.Ct. 2613, 2619–20, 73 L.Ed.2d 248, 256–57 (1982) that the press and public enjoyed a First Amendment right of access to all criminal trials.

■ Nor has either Defendant offered any evidence demonstrating that access to these tapes will inevitably jeopardize their fair trial rights, and that no alternatives exist which could protect them while in permitting inspection and copying of the hearing tapes. Since it is their burden to make this showing, the Court has no reason not to permit inspection and copying of the hearing tapes. See *U.S. v. Lacayo, supra* (King, J.) (granting access to tapes where fair trial rights could be protected by cautioning jury not to listen to broadcasts). The Defendants have offered no evidence to show that such alternatives, or other alternatives, could not protect their fair trial rights if the hearing tapes are open to inspection and copying.

### III. *The First Amendment Right of Access to the Affidavit Tapes*

A more difficult issue is presented by the NBC Motion for the Affidavit tapes, which,

as noted above, consist of tapes relied upon in the Spence Affidavit, which itself was the subject of open court witness examination at the pretrial bail hearing before the Magistrate. The tapes relied upon in the Spence Affidavit, although discussed at the bail hearing, were never introduced into evidence or played in court.

■ Access claims, whether based on the common law or the First Amendment, can best be adjudicated on a case-by-case basis. *Per se* rules denying access are overbroad. *Press-Enterprise Company v. Superior Court,* — U.S. —, —, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984); *Globe Newspaper Company v. Superior Court,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Richmond Newspapers, Inc. v. Commonwealth of Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Newman v. Graddick,* 696 F.2d 796 (11th Cir. 1983). As the Ninth Circuit recently held in *Associated Press v. U.S. District Court,* 705 F.2d 1143, 1145 (9th Cir.1983), the *Globe* test applies with full force to pretrial documents filed with the court:

> There is no reason to distinguish between pretrial proceedings and the documents filed in regard to them. Indeed, the two principal justifications for the first amendment right of access to criminal proceedings apply, in general, to pretrial documents ... pretrial documents ... are often important to a full understanding of the way in which "the judicial process and the government as a whole" are functioning.

■ Although none of the papers filed on this issue mention them, the Federal Rules of Criminal Procedure require both the Government and the Defendants to turn over to each other very carefully delineated categories of information. Such categories may include all, some, or portions of the Spence Affidavit tapes. The First Amendment rights asserted by the media and recognized by *Press-Enterprise Company, Globe Newspaper* and *Newman*

obviously command deference, but should be considered in conjunction with the constitutional guarantees implemented by the Federal Rules of Criminal Procedure. The Rules (which were adopted and approved by Congress and the United States Supreme Court) are an important interest to be weighed in the task of balancing, which the above-cited decisions impose upon the Court.

The Court has carefully weighed and balanced the right of access held by the public and asserted here on its behalf by the media by invocation of the First Amendment, the Defendants' right to a fair trial, and the Government's right to fully and fairly present its evidence at trial. In advance of the offer of the Affidavit tapes into evidence, the balance weighs in favor of denying the intervenors' motions or requests without prejudice.

### CONCLUSION

For the reasons set forth above, the Court: (1) Grants the motions of Sunbeam Television Corporation, Post-Newsweek Stations, Florida, Inc., the National Broadcasting Company, and the Miami Herald Publishing Company to permit inspection and copying of all videotapes offered into evidence at the Court's December 1, 1983 hearing; (2) Directs that the public and the media be permitted to inspect and copy future evidentiary offerings (by tape or otherwise) made at future open judicial proceedings in this action; and (3) Denies without prejudice the motions of the above-named intervenors to inspect and copy the Spence Affidavit tapes (or other material) which were not offered into evidence or played in court.