956 F.2d 647
 19 Media L. Rep. 2025
 Thomas W. SMITH, Jr., Petitioner-Appellant,
v.
UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF
ILLINOIS, A. Marvin Helart, Court Clerk, Honorable
James L. Foreman, Chief Judge, et al.,
Respondents-Appellees.
 No. 90-1838.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 10, 1991.
Decided Feb. 7, 1992.
As Corrected March 23, 1992.
 
 1
 Carol Doyle, Sidley & Austin, Chicago, Ill. (argued), for petitioner-appellant.
 
 
 2
 William E. Coonan, Asst. U.S. Atty., Office of U.S. Atty., Civ. Div., Fairview Heights, Ill. (argued), for respondents-appellees.
 
 
 3
 Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and WILL, Senior District Judge.*
 
 
 4
 WILL, Senior District Judge.
 
 
 5
 Thomas Smith was sitting in a federal courtroom in the Southern District of Illinois on August 27, 1987 when he heard Magistrate Cohn deny a request by the Illinois Attorney General's Office for an extension of time in a prisoner civil right's case. In denying the extension, the magistrate quoted from a memorandum which included statistics on the number of times the state had requested and received extensions in such cases and which recommended denying such requests in the future. The memo had been sent by the Clerk of the Court to all of the judges in the district.
 
 
 6
 Smith requested a copy of that memorandum from the Clerk of Court, in a short letter headed "FOIA Request." When the Clerk of Court denied the request on the ground that the Freedom of Information Act does not apply to the courts, Smith filed an appeal with the clerk. In his memorandum of law supporting the appeal Smith quoted from several cases on public access to court records to support his request, in addition to arguing that the Clerk of Court had interpreted the FOIA incorrectly.
 
 
 7
 Receiving no response to his appeal to the clerk, Smith filed a petition titled "Writ of mandamus for disclosure of public records," explicitly basing the action on the All Writs Act, as well as the FOIA and the Mandamus Act. He requested an injunction prohibiting the clerk from withholding the document. The case was transferred to the Central District where his motion was denied, without any response from respondents or any hearing, on the grounds that the FOIA does not cover courts. The District Court did not address the common law right of access arguments made by petitioner. Smith appealed on the common law claim, but has dropped the FOIA issue.[1]
 
 I. Jurisdiction
 
 8
 Respondents claim in their jurisdictional statement that the District Court lacked jurisdiction because of petitioner's failure to exhaust administrative remedies on the common law issue and failure to raise properly the common law issue. In their brief they argue that the mandamus was properly denied on those grounds, but they do not explain why the possibility that the petitioner might lose on the merits meant that the District Court was without jurisdiction.
 
 
 9
 District courts have jurisdiction under 28 U.S.C. § 1331 over claims based on federal common law; it is not necessary to base a claim on a federal statute or provision of the Constitution. National Farmers Union Insurance Cos. v. Crow Tribe of Indians, 471 U.S. 845, 850, 105 S.Ct. 2447, 2450, 85 L.Ed.2d 818 (1985); Illinois v. City of Milwaukee, 406 U.S. 91, 99-100, 92 S.Ct. 1385, 1390-91, 31 L.Ed.2d 712 (1972). Although Smith did not cite to § 1331, when jurisdiction is proper courts do not generally reject jurisdiction just because a pro se petitioner did not originally correctly identify a proper basis. Buethe v. Britt Airlines, Inc., 749 F.2d 1235, 1238-39 (7th Cir.1984); Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp., 523 F.2d 543, 549 (7th Cir.1975).
 
 II. Request for writ of mandamus
 
 10
 On appeal Smith has dropped his request for a writ of mandamus. He concedes that the government is correct, he has not met the requirements for mandamus. Smith points out, however, that this does not dispose of the case as the government suggests, because there are other bases for the requested injunction, including federal common law. Federal courts have equitable powers that can address the claim without the use of the mandamus power. Cromley v. Board of Education, 699 F.Supp. 1283, 1292 (N.D.Ill.1988).
 
 
 11
 III. Was the federal common law issue raised below?
 
 
 12
 The key issue of this case is whether the common law issue was raised below. Pro se complaints are to be liberally construed. They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting from Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); Sizemore v. Williford, 829 F.2d 608 (7th Cir.1987). As noted above, Smith quoted from and cited to cases on common law right of access to federal court records. His allegations were sufficiently clear--he raised federal common law challenges in addition to FOIA arguments.[2] Given the tradition of reading pro se complaints liberally, the court should reach the merits, as in Blake v. United States, 841 F.2d 203, 205 (7th Cir.1988).
 
 IV. The federal common law claim
 
 13
 The federal common law right of access to judicial records and documents is well recognized. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). This right of access applies to civil as well as criminal cases; it can also apply to pretrial proceedings. In re Continental Illinois Securities Litigation, 732 F.2d 1302, 1308-09 (7th Cir.1984). There is a strong presumption in favor of public access, but that can be counter-balanced by other considerations. United States v. Edwards, 672 F.2d 1289, 1294 (7th Cir.1982). The respondents have not yet identified any consideration which would justify restricting access to this document. Unlike other cases, there is no on-going criminal trial where a defendant's right to a fair trial might be prejudiced. This is also not an attempt to open divorce papers in order to spread scandal, or anything of the kind. None of the conditions that have previously precluded public access have been argued in this case. In fact:
 
 
 14
 The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch.
 
 
 15
 F.T.C. v. Standard Financial Management Corp., 830 F.2d 404, 410 (1st Cir.1987). Instead, respondents claim that this memo is not the sort of document usually accessed by the common law right, and that it is protected by privilege.
 
 
 16
 Respondents argue that only items of evidence are subject to the common law right of access. Because the memorandum was not in evidence, they argue it is not accessible. However, the language of the decisions is not so narrow--they speak of judicial records, not items in evidence. The First Circuit has clearly held that "materials on which a court relies in determining the litigants' substantive rights," are judicial records, subject to the right of public access. F.T.C., 830 F.2d at 408, quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986). The memo here was, according to the petitioner, relied upon by the magistrate for denying an extension of time to the state. Courts have also held that judicial records include transcripts of proceedings, everything in the record, including items not admitted into evidence. United States v. Martin, 746 F.2d 964, 968 (3d Cir.1984). The memo at issue here was, at least in part, read in open court, and thus was part of the court proceedings.[3]
 
 
 17
 Nor is the Court persuaded that the tapes sought are not "judicial records" because they were not technically admitted in evidence in the course of a trial. The Court believes that the policy behind the common law presumption of access is that what transpires in the courtroom is public property.
 
 
 18
 In re Application of CBS, Inc., 540 F.Supp. 769, 771 n. 3 (N.D.Ill.1982).
 
 
 19
 Respondents suggest that, as a matter of policy, this memo should be kept confidential, and that allowing the petitioner access to this document would mean opening up access to private memoranda from law clerks to judges and the court's personnel files. The respondents do not explicitly argue that this memo from the Clerk of Court to all judges is protected by judicial privilege. In re Certain Complaints Under Investigation by an Investigating Committee, 783 F.2d 1488 (11th Cir.1986) (recognizing a limited privilege between judges and their staffs for communications relating to their judicial duties). Perhaps they made only a half-hearted attempt at the confidentiality argument because the memorandum was read from in open court--any privilege would have been waived when the gist of the document was made public. Allowing the petitioner access to this document would not open up the court's personnel files or confidential memoranda--those documents are not generally read in open court or relied upon by judges in their rulings, so the privilege would not be waived.
 
 
 20
 The decision on access is within the discretion of the trial court. In this case, the District Court has not exercised its discretion--it has not yet considered the arguments on either side; there was never any hearing. There are various interests to balance, and although the respondents have not yet argued any interest supporting suppression here, a hearing in the District Court will enable both parties to fully develop their positions. The judgment of the District Court is vacated and the case is remanded for further proceedings consistent herewith.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation
 
 
 [1]
 The District Court was, of course, entirely correct on the FOIA issue: 5 U.S.C. § 551 defines agencies covered by the FOIA to specifically exclude the courts
 
 
 [2]
 Of course, we have had the additional assistance of being briefed by Smith's attorneys who accepted the case pro bono for this appeal. When the case was before Judge Baker in the district court, Smith was proceeding pro se, and had mixed his common law claims in with his meritless FOIA arguments
 
 
 [3]
 Respondents argue on appeal that the petitioner did not state that the memorandum was "read into the record." However, petitioner did state that the memo was read in open court, when the magistrate was ruling on a motion. Any factual dispute supports remand to the district court, since no hearing was ever held, but it cannot support denial of access by this court