STATE of Wisconsin, Plaintiff-Respondent,

v.

Kirk LITTRUP, Defendant-Appellant.†

Court of Appeals

*No. 90-2701-CR. Submitted on briefs June 11, 1991.—Decided July 24, 1991.*

(Also reported in 473 N.W.2d 164.)

†Petition to review denied.

122

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Reesa Evans* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Christopher G. Wren,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J. Kirk Littrup appeals a postconviction order denying reconsideration of his sentence for second-degree murder. He argues that the state's presentence investigation report (PSI) was inaccurate and prejudicial, thereby violating his due process rights. Regarding this claim, he questions the burden of proof and who carries it. Littrup also argues that his trial counsel was ineffective because there was no motion for correction or suppression of the allegedly offensive report prior to sentencing.

We hold that a defendant carries the burden to prove by clear and convincing evidence that there was a due process violation in the sentencing process. We conclude that Littrup did not meet this burden. We further conclude that Littrup did not receive ineffective assistance of counsel. Therefore, we affirm the trial court's denial of Littrup's motion for resentencing.

Littrup was charged with party to the crime of first-degree murder, but later pled guilty to a charge of party to the crime of second-degree murder, a violation of sec. 940.02(1), Stats. (1985–86). Littrup and his codefendant bludgeoned a coworker to death. Then they put the body in a steel drum, poured industrial adhesive[1] over it,

---

[1]We have used the defendant's term to describe this material,

welded the lid on and put the drum in a dumpster. The victim's body was discovered fortuitously because the trash collector happened to see it during the crushing process, when the trash compactor gear caused the top of the barrel to come off and exposed the body. Both defendants described the crime in almost identical detail except that each accused the other of being the main perpetrator and each claimed to have participated in the murder out of fear for his own life.

Littrup's PSI was prepared by Daniel Sartori, a probation/parole agent for the Department of Corrections. The PSI was over sixty pages long. It contained, among other things, Sartori's conclusions about the reasons for the homicide and Littrup's culpability for the murder relative to his codefendant. It also contained police officers' descriptions of the offense and their opinions on motivation and culpability.

At the scheduled sentencing hearing, Littrup objected to the state's PSI, obtained a continuance, and then filed a defense PSI. At sentencing, the court heard character testimony for Littrup and indicated that it had considered the defendant's PSI as well as the state's. The court then sentenced Littrup to eighteen years in prison, two years less than the maximum for his crime.

After sentencing, defense counsel moved to have the defense PSI sent along to the prison system with the state's PSI. The court granted the request. The record contains no indication that both reports were not sent to the prison. Defense counsel also reserved the right to bring postconviction motions to strike certain portions of the state's PSI. Such motions were never made.

since at the hearing on his postconviction sentencing motion he objected to its being called a "corrosive" material in the state's PSI.

Littrup obtained new counsel who filed a postconviction motion for resentencing. Littrup claimed that he was sentenced on the basis of untrue and incorrect information in the PSI. He also alleged that his trial counsel was ineffective at sentencing. Evidentiary hearings on the motion were held in the trial court. The court denied the motion and this appeal ensued.[2]

Sentencing is within the sound discretion of the trial court. *State v. Tarantino,* 157 Wis. 2d 199, 221, 458 N.W.2d 582, 591 (Ct. App. 1990). The presumption is that the trial court acted reasonably in imposing the sentence. *State v. Haskins,* 139 Wis. 2d 257, 268, 407 N.W.2d 309, 314 (Ct. App. 1987). This court will uphold the trial court's sentence unless there was an abuse of discretion. *State v. C.V.C.,* 153 Wis. 2d 145, 163, 450 N.W.2d 463, 470 (Ct. App. 1989). However, since this appeal deals with the constitutional questions of whether Littrup's rights to due process and to effective assistance of counsel were protected, the appeal presents questions of law. We review questions of law *de novo* without deference to the trial court. *First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

---

[2]This is the second time Littrup's case has come before this court. After sentencing, Littrup obtained new counsel appointed by the state public defender's office. That counsel filed a no merit report. Littrup then obtained present counsel who filed a motion asking us to reject the no merit report and to remand the case to the trial court to allow Littrup to pursue postconviction motions for resentencing prior to filing an appeal with this court. Because a no merit appeal procedure is only appropriate where appellate counsel feels no meritorious issues exist for this court's consideration, we granted the motion and stayed the time for appeal.

We will initially discuss Littrup's arguments on the burden of proof required to establish a due process violation in the sentencing process. There are two parts to this argument. First, Littrup contends that, to maintain a due process claim, it is sufficient for a defendant to show inaccuracies in the PSI without also showing that the PSI had a prejudicial impact on the sentencing court. Second, Littrup claims that the defendant must show the inaccuracies by the lowest burden of proof—preponderance of the evidence. Then the burden shifts to the state to prove beyond a reasonable doubt that the errors were harmless. Littrup also argues that even if the defendant is required to show prejudice, the burden of proof is preponderance of the evidence.

Littrup's argument that a defendant does not have to show prejudice to establish a due process violation stems from his erroneous belief that there are two kinds of due process claims: first, a strict liability or technical due process claim brought on direct appeal, which only requires the defendant to show that inaccurate information was introduced into the sentencing process; second, a due process claim brought in a collateral proceeding, which requires the defendant to prove both that there was inaccurate information and that it prejudiced the defendant. Littrup relies on *State v. Skaff,* 152 Wis. 2d 48, 447 N.W.2d 84 (Ct. App. 1989), and on *Blake v. United States,* 841 F.2d 203 (7th Cir. 1988), as authority for his position that a showing of prejudice is not always required for a due process claim.

In *Skaff,* the defendant made no showing of prejudice. Yet, we concluded that there was a due process violation based on the trial court's blanket policy of refusing to allow defendants to read their PSI. *See Skaff,* 152 Wis. 2d at 58, 447 N.W.2d at 88–89. However, the defendant in *Skaff* did not have to show prejudice from

the PSI to prevail on his claim because he could not know whether errors in the PSI had skewed the sentence of the trial court until he read the PSI to ascertain whether there were errors. *See id.* Littrup has read the state's PSI and appeals because he claims that alleged inaccuracies in it violated his due process rights by influencing the sentence of the trial court.[3] Not only is Littrup in a position to show prejudice, if there is any, but prejudice is an essential part of his claim that the PSI had an adverse impact on him. Thus, *Skaff* does not relieve Littrup of the burden to show prejudice.

Littrup also looks to *Blake,* 841 F.2d at 205–06. The defendant in *Blake* alleged a due process violation of the federal sentencing procedures in Fed. R. Crim. P. 32(c)(3)(D). The Court of Appeals for the Seventh Circuit discussed two different kinds of violations that can occur in the sentencing process. *Blake,* 841 F.2d at 205–06. When a defendant directly appeals a technical violation of a procedural rule, no showing of prejudice is required. *See id.* When a defendant claims a constitutional due process violation in a collateral proceeding, such as the *habeas corpus* proceeding used by the defen-

---

[3]There was some dispute at the postconviction hearing about whether Littrup read the PSI at the time of sentencing. However, Littrup did not claim that any failure to read the report was due to a blanket policy of the trial court to deny defendants access to the PSI, as was the case in *State v. Skaff,* 152 Wis. 2d 48, 447 N.W.2d 84 (Ct. App. 1989). Even if Littrup did not read his PSI before sentencing, he cannot argue a due process violation unless the court had a blanket policy of withholding the PSI from defendants. This court has said that *Skaff* does not impose on a court the affirmative duty to give the PSI to the defendant. *See State v. Flores,* 158 Wis. 2d 636, 642, 462 N.W.2d 899, 901 (Ct. App. 1990); *State v. Thompson,* 158 Wis. 2d 698, 700, 463 N.W.2d 402, 403 (Ct. App. 1990).

dant in *Blake,* a showing of prejudice is necessary. *See id.*

Because Littrup's challenge to his sentencing process arose in a direct appeal rather than in a collateral proceeding, and because his challenge alleges inaccuracies in the PSI which can be characterized as technical violations, Littrup claims that *Blake* indicates he does not have to show prejudice. Littrup's argument fails for two reasons. First, Wisconsin has no procedural rules comparable to Fed. R. Crim. P. 32(c)(3)(D) that admit of technical violations. Second, Littrup characterizes *Blake*'s difference in the federal requirements as relating to whether the claim arises on direct appeal or in a collateral proceeding. However, the difference in the requirements is actually related to the nature of the claim brought. A claim of a purely technical violation of rules does not require a showing of prejudice. A claim of a constitutional due process violation must show prejudice. The procedural posture of the claim is immaterial to the burden of proof. Here, Littrup claimed a constitutional due process violation. Thus, *Blake* stands for the proposition that Littrup must show prejudice resulting from the alleged misinformation in the PSI. *See Blake,* 841 F.2d at 206.

For his argument that the defendant's burden of proof is the lowest one of preponderance of the evidence, Littrup begins by attempting to distinguish *State v. Walberg,* 109 Wis. 2d 96, 325 N.W.2d 687 (1982), *cert. denied,* 474 U.S. 1013 (1985). In *Walberg,* our supreme court held that in a due process challenge brought under sec. 974.06, Stats., the higher burden of clear and convincing evidence applies. *Walberg,* 109 Wis. 2d at 102, 325 N.W.2d at 690. Since Littrup's postconviction motion was not brought pursuant to a sec. 974.06 proce-

dure, he reasons that *Walberg's* higher burden does not apply in his case.

Instead, Littrup asks us to look to *State v. Haskins,* 139 Wis. 2d 257, 407 N.W.2d 309 (Ct. App. 1987), for an example of the burden of proof required when a postconviction motion is not brought under sec. 974.06, Stats. The postconviction motion at issue in *Haskins* was based on an ineffective assistance of counsel claim. Littrup states that under *Haskins,* "a defendant claiming incompetence of counsel has to make the required showing by preponderance of the evidence." Littrup apparently concludes that the standard for incompetence of counsel postconviction motions is by preponderance of the evidence, and, therefore, this is also the standard for postconviction sentencing motions.

Littrup does not indicate where in *Haskins* he finds that this court established preponderance of the evidence as the burden of proof for ineffective assistance of counsel claims. Nor, for that matter, did the *Haskins* court establish a burden different from *Walberg* for non-sec. 974.06, Stats., motions. It does not deal with the burden of proof issue or even cite *Walberg*.[4] Therefore, even if it were appropriate in the first place to lump

---

[4]The phrase "preponderance of the evidence" appears only once in *State v. Haskins,* 139 Wis. 2d 257, 263, 407 N.W.2d 309, 312 (Ct. App. 1987). There we stated: "Even if the error of counsel cannot be shown by a preponderance of the evidence to have determined the outcome, the result of the proceeding can be rendered unreliable and hence the proceeding itself can be rendered unfair." *Id.* For this statement, *Haskins* cited *State v. Pitsch,* 124 Wis. 2d 628, 642, 369 N.W.2d 711, 718 (1985). *Pitsch,* in turn, quoted *Strickland v. Washington,* 466 U.S. 668, 694 (1984). However, a hypothetical statement is not the basis for a holding on burden of proof even when it is found in an opinion of the United States Supreme Court.

together all postconviction motions not brought under sec. 974.06, *Haskins* does not provide authority for stating that preponderance of the evidence is the proper burden of proof for non-sec. 974.06 postconviction motions dealing with due process violations in the sentencing process.

We agree with the state that "Wisconsin courts . . . have not yet adopted a burden for the showing a defendant must make to prove ineffective assistance of counsel." Further, we find no cases in Wisconsin dealing with the proper burden of proof for claims of due process violations in the sentencing process. *Walberg* established clear and convincing evidence as the burden of proof for sec. 974.06, Stats., postconviction motions, *Walberg,* 109 Wis. 2d at 102, 325 N.W.2d at 690, but *Walberg* did not concern sentencing. However, in *State v. Flores,* 158 Wis. 2d 636, 642, 462 N.W.2d 899, 901 (Ct. App. 1990), this court applied *Walberg* to sec. 974.06 postconviction sentencing motions. Moreover, our supreme court has adopted the clear and convincing evidence burden of proof for "new factor" sentence modification claims. *State v. Franklin,* 148 Wis. 2d 1, 8-9, 434 N.W.2d 609, 611 (1989).

Littrup's postconviction motion was not a motion brought pursuant to sec. 974.06, Stats., or a motion claiming the existence of a "new factor." However, we consider that distinction irrelevant to our decision on the proper burden of proof for claims of violations in the sentencing process. Any postconviction motion challenging sentencing, whether a sec. 974.06 motion, a "new factor" motion, or an ordinary postconviction motion like Littrup's, must be balanced against the public policy promoting the finality of judicial proceedings. *See Franklin,* 148 Wis. 2d at 9, 434 N.W.2d at 611. Criminal

defendants should not be able to question the validity of the results of the sentencing process except for clear and convincing reasons. *Id.* A clear and convincing standard both promotes the policy of finality of judgments and satisfies the purpose of sentence modification, which is the correction of unjust sentences. *Id.* at 9, 434 N.W.2d at 611–12.

Therefore, we hold that, to establish a due process violation in the sentencing process, a defendant has the burden of proving by clear and convincing evidence both the inaccuracy prong and the prejudice prong of the due process test. Only after the defendant meets that burden does the burden of persuasion to establish harmlessness rest with the state. *See Skaff*, 152 Wis. 2d at 58, 447 N.W.2d at 88.

Littrup's arguments on appeal must be judged against this burden of proof for due process claims. We now discuss his argument under this standard. Littrup argues that the state's PSI did not comply with Wis. Adm. Code sec. **DOC 328.27** and with the Division of Corrections' Probation and Parole Operations Manual. He claims that the state's PSI was based on Sartori's opinions and perceptions, rather than factual information, and that Sartori was biased and prejudiced against Littrup, rather than neutral and objective.

Section 5.01.01–.02 of the Operations Manual mandates a "careful" study and sec. 5.02.01–.02 says the PSI is to be "objective" and "concise." Littrup contends the state's PSI was not "careful" because Sartori did not interview the employer Littrup had when he was out on bail. Moreover, Littrup complains that Sartori included in the PSI statements made to police by a former friend of Littrup, but Sartori never interviewed the friend. Additionally, Littrup claims that the report was not

"objective" because it contained Sartori's conclusions about Littrup's culpability. He further claims that the report was not "concise" because it was over sixty pages long with half of it consisting of "opinions" and "speculation."

We conclude that Littrup does not allege sufficient facts to show that the PSI violated the guidelines in the Operations Manual. Moreover, the guidelines Littrup cites are ambiguous and thus do not provide clear, objective standards to measure a violation.

We also conclude that Sartori's comments in the state's PSI regarding culpability were appropriate since there had been no trial and both codefendants had charged the other with being the perpetrator of the murder. While we agree with Littrup that a probation agent preparing a PSI is an agent of the court rather than of the prosecution, *see State v. McQuay,* 154 Wis. 2d 116, 131, 452 N.W.2d 377, 383 (1990), this does not mean that the agent's neutrality precludes the agent from offering opinions about the defendant. Moreover, the guidelines ask for the agent's assessments and impressions. We conclude that Sartori's own opinions about Littrup and his reports of other people's opinions were sufficiently tied to supporting facts to meet the standard of neutrality required of an officer of the court.

Even if Littrup could show that the PSI violated the Division of Corrections' Operations Manual, he would be required to show that the PSI prejudiced him. Littrup claims that the PSI prejudiced him with the sentencing court and with the prison system. We disagree.

At sentencing, the trial court indicated that it was not relying on the state's or the defendant's PSI but on the sentence already imposed on Littrup's codefendant by a different judge. Littrup received the same sentence

as his codefendant. At the postconviction hearing challenging the PSI on due process grounds, the court cited its earlier statement to show that any alleged inaccuracies in the PSI did not prejudice Littrup with the sentencing court.

Littrup argues that the court was influenced by Sartori's conclusions about Littrup's culpability in this murder. Littrup thinks he was treated unfairly because this was his first offense and yet he received the same sentence as his codefendant who had been previously involved with the law. Moreover, the sentence was almost the maximum. However, the record of the court's remarks at sentencing indicates that it was not Sartori's statements in the PSI which influenced the court's sentencing decision. The court said that the murder was so inexplicable, "chilling" and "awful" that "it's a matter of immateriality as to who was the lesser, who was the greater, if in fact there was such an individual." The sentencing court said that "in the face of the hideous circumstances of this crime, a rational person could be appalled by even a fair balance of favorable consideration on the defendant's part and in his background because of so horrible an instance in his life." Littrup himself pled guilty to the crime described in the charging document. Thus, it was not only from Sartori's PSI that the judge knew about the facts of the crime but also from the charging document and Littrup's own plea. We conclude that Littrup has offered no evidence to show the court relied on the state's PSI for sentencing.

Littrup also argues that the state's PSI affected him negatively in the prison system and that this is sufficient to meet the due process test for whether he was prejudiced by the PSI. However, Littrup offers no facts

to support his assertion that the state's PSI influenced prison officials against him. Moreover, he offers no evidence that the defense's PSI was not sent to the prison to balance the state's PSI, as the trial court ordered. Therefore, we conclude that the state's PSI did not prejudice Littrup in prison.

In addition to arguing that there were due process violations in the sentencing process, Littrup also contends that his trial counsel was ineffective. He argues that his counsel should have moved to have the presentence report struck from the court's consideration. He further argues that his counsel at least should have required Sartori to correct the report and should have cross-examined Sartori. Littrup claims that it was not sufficient for his counsel simply to object to the report on the record and then submit a defense presentence report in response.

The test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for determining whether defense counsel's actions constitute ineffective assistance requires a determination of: (1) whether the attorney's performance was deficient; and (2) whether the attorney's alleged deficient performance prejudiced the defense. *Haskins*, 139 Wis. 2d at 262, 407 N.W.2d at 311. The question of whether trial counsel's conduct was deficient and prejudicial is a question of law. *Id.*

We conclude that Littrup's counsel's performance was not deficient because it did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. The record reflects that Littrup's attorney complained about the PSI to Sartori's supervisor who reviewed the PSI and concluded that it was "not inappropriate" and it "complied with all the rules." The attorney made an objection to the PSI before the trial

court, obtained a continuance of the sentencing hearing, and had a defense PSI prepared. The attorney also moved that the defense PSI be sent to the prison system with the state's PSI. It was a legitimate choice of legal strategy for the attorney to conclude that the above actions were sufficient to safeguard his client and that it was not in his client's best interest to cross-examine Sartori or to make a motion to have the PSI suppressed.

Even if Littrup proved that his counsel's performance was deficient, Littrup would still have to prove the prejudice prong of the test for ineffective assistance of counsel. To prove that prong, Littrup must show there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

We conclude that Littrup's sentence would not have been lower even if counsel had taken all the steps that Littrup now claims should have been taken. Littrup has alleged no facts that undermine our confidence in the fairness of his sentencing process. As we explained, the trial court did not rely on the PSI or on Sartori's conclusions regarding culpability when it determined what sentence to give Littrup.

We affirm the trial court's denial of reconsideration of Littrup's sentence because we conclude that Littrup failed to prove by clear and convincing evidence that there were inaccuracies of constitutional magnitude in the state's PSI. Moreover, he did not prove that the PSI prejudiced him with the sentencing court or the prison

system. Littrup also failed to prove that he received ineffective assistance of counsel at sentencing.

*By the Court.*—Order affirmed.