STATE of Wisconsin, Plaintiff-Respondent,

v.

William L. BRUNTON, Defendant-Appellant.†

Court of Appeals

*No. 95–0111–CR. Submitted on briefs February 7, 1996.—Decided June 27, 1996.*

(Also reported in 552 N.W.2d 452.)

†Petition to review denied.

196

For the defendant-appellant the cause was submitted on the briefs of *John Allan Pray* of *Legal Assistance Program* of Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *James M. Freimuth*, asst. attorney general.

Before Dykman, Sundby and Vergeront, JJ.

VERGERONT, J.   William Brunton appeals from a judgment of conviction for two counts of second-degree sexual assault with use or threat of force contrary to § 940.225(2)(a), STATS., and orders denying his motions for postconviction relief.[1] Brunton makes two claims: (1) the trial court erred in deciding that, on a motion for postconviction relief under RULE 809.30, STATS.,[2] based on newly-discovered evidence, the defendant must prove that the pertinent criteria are met by

---

[1] Brunton was also convicted of one count of operating after revocation. His appeal does not challenge that conviction.

[2] RULE 809.30(2), STATS., provides in part:

    (a)   A defendant seeking postconviction relief in a felony case shall comply with this section. . . .

    . . . .

    (h)   The defendant shall file a notice of appeal or motion seeking postconviction relief within 60 days of the service of the transcript.

197

clear and convincing evidence rather than by the preponderance of the evidence; and (2) he was denied effective assistance of counsel because his attorney failed to request an individual polling of the jury or consult with him regarding whether to individually poll the jury.

We conclude that clear and convincing evidence is the proper burden of proof on a defendant's motion for a new trial based on newly-discovered evidence under RULE 809.30, STATS. We also conclude that Brunton was not denied effective assistance of counsel. We therefore affirm the judgment and orders.

## BACKGROUND

Brunton was charged with two counts of second-degree sexual assault by use or threat of force. The charges arose out of an encounter between Brunton and Jennifer M., an acquaintance of Brunton. Jennifer M. testified that on the evening of February 11, 1993, she accompanied Brunton in his car to a road outside of town where Brunton parked the car. She testified that without her consent and in spite of her protests, Brunton sexually assaulted her by putting his fingers into her vagina and having penis-to-vagina intercourse with her. Brunton's defense was that he was with Jennifer M. only for a short time on that evening and that the assaults did not occur.

The jury returned guilty verdicts on both counts. Following sentencing, Brunton filed a postconviction motion pursuant to RULE 809.30(2)(h), STATS., seeking a new trial based on newly-discovered evidence. At the evidentiary hearings on the motion, Brunton presented testimony of three women who knew Jennifer M. One testified that Jennifer had told her she was going to tell a neighbor that if he (the neighbor) refused her request

for money, "she was going to accuse him of rape because she had gotten away with it one time and could do it again." The person Jennifer M. was referring to was Brunton. This witness also testified that Jennifer told her that the assaults by Brunton never happened. The other two women testified that they had heard Jennifer say that if she could put one innocent man away, she could do it again, in connection with attempting to extract money from men.

The fourth defense witness was an older man who testified that he had known Jennifer for a couple of years and had given her money. He testified that she had once threatened to accuse him of sexual assault unless he gave her money, which he did. On cross-examination, he said he did not know if she actually accused him of rape or not.

In addition to presenting Jennifer M. as a witness at the postconviction hearings, the State presented several other witnesses. Three gave testimony that contradicted the women testifying for the defense and one testified to incriminating statements that Brunton made to him.

The trial court denied the motion for a new trial. The trial court ruled that the evidence presented by the defense was discovered after the trial; the defense was not negligent in seeking the evidence; the evidence did not exist until after the trial; the evidence was material because it went to Jennifer M.'s credibility; and it was not cumulative because it went to her specific credibility. The court also ruled that it had to be clearly convinced that there would be a reasonable probability of a different result based on this newly-discovered evidence. The trial court discussed the evidence in detail and concluded that the credibility of the four defense witnesses was so low and the testimony of the older

man was so weak that "I can't believe a jury would believe any of these people." Because of this lack of credibility, the court stated that it was not even considering the testimony of the witness for the State regarding Brunton's statements to him. The trial court denied Brunton's motion for reconsideration.

## NEWLY-DISCOVERED EVIDENCE — BURDEN OF PROOF

█ The parties agree that a criminal defendant may bring a motion under RULE 809.30(2)(h), STATS., for a new trial based on newly-discovered evidence. They also agree on the criteria that evidence must meet:

> (1) The evidence must have come to the moving party's knowledge after a trial; (2) the moving party must not have been negligent in seeking to discover it; (3) the evidence must be material to the issue; (4) the testimony must not be merely cumulative to the testimony which was introduced at trial; and (5) it must be reasonably probable that a different result would be reached on a new trial.

*State v. Boyce*, 75 Wis. 2d 452, 457, 249 N.W.2d 758, 760 (1977) (citation omitted). The supreme court in *Boyce* cited to prior criminal cases as the basis for this test. At other times, the supreme court has cited to § 805.15(3), STATS., as the basis.[3] *See, e.g., State v. Ven-*

---

[3] Section 805.15(3), STATS., provides:

A new trial shall be ordered on the grounds of newly-discovered evidence if the court finds that:
(a) The evidence has come to the moving party's notice after trial; and
(b) The moving party's failure to discover the evidence earlier did not arise from lack of diligence in seeking to discover it; and

*nemann*, 180 Wis. 2d 81, 86, 98, 508 N.W.2d 404, 406, 411 (1993). The substance of the criteria in both instances is the same.

The issue on appeal concerns the proper burden of proof for establishing that the evidence claimed as newly discovered meets the five criteria. Brunton argues that the court erred in assigning him the burden of clear and convincing evidence rather than the lower standard of the preponderance of the evidence.[4] RULE 809.30, STATS., does not specify the burden of proof for such motions, and the parties agree that published case law has not decided this issue.

The proper burden of proof in this situation depends upon public policy considerations. *See State v. Walberg*, 109 Wis. 2d 96, 102, 325 N.W.2d 687, 690 (1982), *habeas corpus granted on other grounds sub nom. Walberg v. Israel*, 766 F.2d 1071 (7th Cir. 1985) *cert. denied*, 474 U.S. 1013 (1985). The application of public policy considerations is a question of law. *Bowen v. Lumbermens Mut. Casualty Co.*, 183 Wis. 2d 627, 654, 517 N.W.2d 432, 443 (1994). We review questions of law de novo. *First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Although a motion for a new trial based on newly-discovered evidence is addressed to the trial

---

    (c)   The evidence is material and not cumulative; and
    (d)   The new evidence would probably change the result.

Section 805.15(3), STATS., is contained in a chapter on civil procedure. *See* § 801.01(2), STATS. With certain exceptions, the rules of civil procedure apply in criminal actions. Section 972.11 (1), STATS.

[4] Brunton does not challenge the court's determination that he did not meet his burden under the standard of clear and convincing evidence.

court's discretion, *Boyce*, 75 Wis. 2d at 457, 249 N.W.2d at 760,[5] the trial court erroneously exercises its discretion if it bases its decision on an error of law. *United Fire & Casualty Co. v. Kleppe*, 174 Wis. 2d 637, 641, 498 N.W.2d 226, 227 (1993). Therefore, we independently review whether the trial court made an error of law in assigning the clear and convincing standard of proof to Brunton.

Cases have decided the proper burden of proof in certain other postconviction situations, and we look to these to identify the pertinent public policy concerns. The parties have directed our attention to cases concerning motions brought under § 974.06, STATS., withdrawals of guilty pleas and challenges to sentences.

In *State v. Walberg*, 109 Wis. 2d 96, 325 N.W.2d 687 (1982), the court held that the clear and convincing standard was the proper burden of proof in motions for postconviction relief under § 974.06, STATS.[6] *Id.* at 102,

[5] We have held that when newly-discovered evidence is the basis for a due process challenge to a conviction under § 974.06, STATS., we determine that constitutional question independently. *State v. Bembenek*, 140 Wis. 2d 248, 252, 409 N.W.2d 432, 434 (Ct. App. 1987). However, no constitutional issue is presented on this appeal of the denial of a postconviction motion brought under RULE 809.30(2)(h), STATS. We agree with the State that the proper standard of review and the proper burden of proof are distinct issues. In concluding that the correct burden of proof is that of clear and convincing evidence, we are not, as Brunton suggests, altering the discretionary standard of review for motions for new trials brought under RULE 809.30(2)(h) based on newly-discovered evidence.

[6] Section 974.06(1), STATS., provides that motions based on specified grounds, including constitutional grounds, may be brought after the time for appeal or postconviction remedy under § 974.02, STATS., has expired. Motions under § 974.02 for

325 N.W.2d at 690. Section 974.06(6) provides that proceedings under that section "shall be considered civil in nature, and the burden of proof shall be upon the person"; but the statute does not specify the burden of proof. Walberg's § 974.06 motion claimed that his constitutional rights to due process and effective assistance of counsel were violated by the trial judge's refusal to recuse himself. The court concluded:

> Because the conviction being challenged has been secured in a proceeding whereby the defendant was protected by the beyond a reasonable doubt standard of proof, and the motion is available only after other postconviction remedies have been unsuccessful or not utilized, public policy requires that the defendant bear the heavier burden in order to get relief from such a finalized conviction. The clear and convincing burden of proof is required to further the public policy of finality of judgments after the defendant has been given ample opportunity to challenge the conviction by direct remedies.

*Id.* at 104, 325 N.W.2d at 691-92.

The clear and convincing standard of proof is applicable to § 974.06, STATS., motions regardless of the particular substantive ground of the motion. *See, e.g., State v. Carter*, 131 Wis. 2d 69, 78-79, 389 N.W.2d 1, 4 (1986), *cert. denied*, 479 U.S. 989 (1986) (withdrawal of guilty plea); *State v. Flores*, 158 Wis. 2d 636, 642, 462 N.W.2d 899, 901 (Ct. App. 1990) (claim of due process violation in sentencing process), *overruled in part by State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). We have also applied the clear and convincing

---

postconviction relief must adhere to the procedures of RULE 809.30, STATS., which governs appeals to the court of appeals in felony cases. Section 974.02(1).

203

burden of proof to § 974.06 motions seeking a new trial based on newly-discovered evidence. In *State v. Bembenek*, 140 Wis. 2d 248, 409 N.W.2d 432 (Ct. App. 1987), we held that due process may require granting a new trial under § 974.06 based on newly-discovered evidence if the five criteria are met. *Id.* at 252, 409 N.W.2d at 434. Relying on *Walberg*, we held that the defendant must prove these criteria by clear and convincing evidence. *Id.* at 251-52, 409 N.W.2d at 434. *Accord State v. Coogan*, 154 Wis. 2d 387, 395, 453 N.W.2d 186, 188 (Ct. App. 1990).

The clear and convincing standard also applies when a defendant seeks to withdraw a guilty plea after sentencing even when the motion is not brought under § 974.06, STATS. Whatever the basis for the plea withdrawal, after sentencing the defendant must establish by clear and convincing evidence that withdrawal of the plea is necessary to correct a manifest injustice. *State v. Krieger*, 163 Wis. 2d 241, 249, 471 N.W.2d 599, 602 (Ct. App. 1991). The rationale for the higher standard in this context is "that once the guilty plea is entered the presumption of innocence is no longer applicable, and when the record on its face shows that the defendant was afforded constitutional safeguards, the defendant should bear the heavier burden of showing that his plea should be vacated." *Walberg*, 109 Wis. 2d at 103, 325 N.W.2d at 691 (footnote omitted). Just as with any other basis for withdrawal of a guilty plea after sentencing, when the withdrawal is based on newly-discovered evidence, the defendant must establish each of the five criteria by clear and convincing evidence. *See State v. Truman*, 187 Wis. 2d 622, 625, 523 N.W.2d 177, 178-79 (Ct. App. 1994).

Finally, the clear and convincing burden of proof has been assigned to defendants when challenging

their sentences on particular grounds. As noted above, if the challenge to a sentence is by means of a motion under § 974.06, STATS., the defendant must establish the constitutional violation in the sentencing process by clear and convincing evidence. *Flores*, 158 Wis. 2d at 642, 462 N.W.2d at 901. The supreme court has also held that when a defendant moves to modify a sentence on the basis of a new factor, the defendant must prove the existence of a new factor by clear and convincing evidence. *State v. Franklin*, 148 Wis. 2d 1, 9, 434 N.W.2d 609, 611 (1989). In *Franklin*, the court found motions for relief under § 974.06 to be analogous to motions to modify sentence based on a new factor:

> The decision [in *Walberg*] was based, in part, on the public policy promoting finality of judgments. The same public policy applies in this instance. Franklin has been through the complete trial and sentencing process. He and other criminal defendants should not be able to question the validity of the results of this process except for clear and convincing reasons. A clear and convincing standard both promotes the policy of finality of judgments and satisfies the purpose of sentence modification, which is the correction of unjust sentences.

*Id.* at 9, 434 N.W.2d at 611-12 (citations omitted).

In *State v. Littrup*, 164 Wis. 2d 120, 473 N.W.2d 164 (Ct. App. 1991), we applied the higher burden of proof in the context of a direct appeal challenging a sentence. Littrup brought a postconviction motion claiming ineffective assistance of counsel at sentencing and a due process violation because he was sentenced on incorrect information. Littrup argued that the burden of proof should be the preponderance of the evidence because his motion was not brought pursuant to § 974.06, STATS., and did not involve a new factor. *Id.*

at 131, 473 N.W.2d at 168. We concluded that those distinctions were irrelevant to the question of the proper burden of proof and found the reasoning of *Walberg* and *Franklin* persuasive even in the context of a direct appeal challenging a sentence:

> Any postconviction motion challenging sentencing, whether a sec. 974.06 motion, a "new factor" motion, or an ordinary postconviction motion like Littrup's, must be balanced against the public policy promoting the finality of judicial proceedings.

*Id.* at 131, 473 N.W.2d at 168.

Brunton argues that his motion is different from each type of postconviction motion for which public policy considerations have warranted a clear and convincing burden of proof. We agree there are differences. However, the cases, read together, express the general point that the clear and convincing standard for postconviction motions is appropriate to further the public policy of finality in convictions, when that is consistent with the rights of the defendant in the context of the particular motion. As in *Littrup*, we do not find the distinction between Brunton's motion and a § 974.06, STATS., motion to be dispositive. We do not agree with Brunton that simply because his motion is part of the direct appeal process, the policy of furthering the finality of convictions is inapplicable. Rather, we must analyze the substantive basis of Brunton's motion—newly-discovered evidence—in light of the public policy favoring finality of judgments of conviction and the need to protect the rights of the defendant.

A motion for a new trial based on newly-discovered evidence does not claim that there were errors in the conduct of the trial or deficiency in trial counsel's per-

formance. The jury convicted Brunton after hearing all the evidence he presented to the jury in a trial that afforded him the protections to which he was entitled under constitutional and statutory law. Under these circumstances, we conclude that the public policy favoring finality of judgments of conviction is best served by requiring Brunton to show by clear and convincing evidence that he is entitled to another trial because of newly-discovered evidence. The higher burden will also encourage diligence in gathering and presenting evidence in the first instance. The higher burden is consistent with protecting the rights of a criminal defendant since due process does not require a new trial based on newly-discovered evidence unless the five criteria are established by clear and convincing evidence. *See Coogan*, 154 Wis. 2d at 395, 453 N.W.2d at 188.

Brunton contends that the lower burden of proof is warranted because of the prescribed time limits for a direct appeal, as compared to a motion under § 974.06, STATS., which has no time limits. With the relatively short time limits of RULE 809.30, STATS., Brunton argues there is less danger of unreliable evidence and less unfairness to the State than exists when a motion based on newly-discovered evidence is brought long after the conviction. We are not persuaded that these reasons require the lower burden of proof. If newly-discovered evidence is less reliable because of the passage of time, that will affect the success of the motion: the court will consider that factor in determining the materiality of the newly-discovered evidence and whether it is reasonably probable that there will be a different result. And although it may be more difficult for the State to retry a case as more time elapses after the first trial, that difficulty is not alleviated by apply-

ing the lower burden to motions brought soon after trial.

We understand that Brunton is making the valid point that the public policy favoring finality of judgments of conviction becomes more compelling as more time passes after the conviction. But this does not explain why we should not choose a burden of proof that promotes the finality of convictions even when relatively little time has elapsed since the conviction, when we can do so consistent with the rights of the defendant.

We conclude that the trial court was correct in requiring that Brunton establish the five criteria by clear and convincing evidence.

## INDIVIDUAL JURY POLLING

Before beginning their deliberations, the jurors were instructed that their verdict had to be unanimous and that all twelve jurors had to agree in order to arrive at a verdict. When the jury returned with its verdicts, the court read the verdict on each count. With respect to each count, the court asked the jurors to raise their right hands if that was their verdict and stated on the record that all twelve raised their right hands. The court asked the prosecutor if he wished further polling of the jury and the prosecutor answered no. The court then asked: "Does the defense request further polling of the jury?" Defense counsel answered no and Brunton did not respond.

Brunton moved for postconviction relief on the ground that his counsel was ineffective for failing to individually poll members of the jury or discuss with him whether to do so. At the postconviction hearing, Brunton testified that he did not discuss jury polling with his attorney and did not know what jury polling

was. Brunton stated that if his attorney had consulted with him, he would have requested that the jurors be polled individually. One reason he gave was that one of the jurors would look at him and laugh or smile when Jennifer M. testified, "like he didn't believe what the lady was saying."

Defense counsel testified that he could not recall consulting Brunton about whether to further poll the jurors. He testified it was his usual practice to individually poll jurors but that he did not in this case because he thought the court had effectively done so.

The trial court denied Brunton's motion. It stated that while counsel should have consulted with Brunton, there was no evidence that counsel acted beyond the scope of his expected duties in waiving further polling without first consulting Brunton. The court also found there was no prejudice.

In *State v. Yang*, 201 Wis. 2d 721, 549 N.W.2d 769 (Ct. App. 1996), we held that the decision whether to request an individual polling of the jurors is one delegated to counsel and that failure to inform a defendant of the right to an individual jury polling is not, in itself, deficient performance. Here, the trial court instructed the jurors that their verdict had to be unanimous before they began their deliberations. After each verdict was read, each juror indicated it was his or her verdict by raising a hand. There is no indication the verdict was not unanimous. Following *Yang*, we conclude that defense counsel's decision not to poll the jurors further was a reasonable one and was not deficient performance.

*By the Court.*—Judgment and orders affirmed.