State of Wisconsin, Plaintiff-Respondent,
v.
Robert R. Orlebeke, Defendant-Appellant.
No. 03-1947-CR.
Court of Appeals of Wisconsin.
Opinion Filed: June 2, 2004.
Before Anderson, P.J., Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
Robert R. Orlebeke appeals from a judgment of conviction of second-degree sexual assault of a child under age sixteen and from an order denying his postconviction motion seeking resentencing. He argues that the sentence was based on inaccurate information about the length of time needed to complete prison sex offender treatment and that his sentence is excessive. We affirm the judgment and order.
¶2 Orlebeke, a twenty-three year old developmentally disabled young man, began a relationship with a fourteen-year-old girl he met in a park near his home. Even after the pair was advised to avoid each other, they secretly met and engaged in sexual contact but not sexual intercourse. Orlebeke entered a guilty plea to the charge of second-degree sexual assault and another second-degree sexual assault count and a charge of bail jumping were dismissed and read in at sentencing. He was sentenced to nine years' initial confinement and nine years' extended supervision. The imposed sentence was stayed in favor of six years' probation with ninety days conditional jail time and ninety days stayed conditional jail time.
¶3 At sentencing the trial court stated:
As I was listening to the comments today trying to gauge that sentence as well, that has a tremendous impact on what happens in the community and happens to you and to the safety of others if you violate your probation to the extent that you are revoked. The court's aware the state prison system, minimum time to pursue a sex offender course is 7 years based upon communications the court has had with the officials in the Department of Corrections. . . I impose that sentence of confinement based upon the court's knowledge of the type of program you would have to be involved in in prison in order to be a safe person upon your release from prison if you violate the terms of your probation.
¶4 Orlebeke argues that his due process right to be sentenced upon accurate and valid information was violated by the trial court's erroneous belief on the amount of time necessary to complete prison sex offender treatment. See State v. Groth, 2002 WI App. 299, ¶21, 258 Wis. 2d 889, 655 N.W.2d 163, review denied, 2003 WI 32, 260 Wis. 2d 752, 661 N.W.2d 100 (Wis. Mar. 13, 2003) (No. 01-3000) (due process right to be sentenced on accurate information). His postconviction motion demonstrated that the majority of prison sex offender treatment programs could be completed within six months to one year. He offered the explanation of Margaret Alexander, Clinical Director of the Sex Offender Treatment Unit at the Oshkosh Correctional Institution, that the shorter treatment programs target first time offenders and relatively "less deviant" persons. It was also explained that only the most "entrenched" sexual offenders, those who exhibit pedophilia, sadism, or have failed in other treatment programs, are placed in residential sex offender treatment programs that take more than three years to complete. Orlebeke argued that as a first time offender, if sent to prison, he is more likely to be placed in a shorter sexual offender treatment program.
¶5 Whether the defendant's due process right at sentencing was violated by reliance on inaccurate information is a constitutional question of law which we review de novo. Id., ¶21. "A defendant who asks for resentencing because the court relied on inaccurate information must show both that the information was inaccurate and that the court relied on it. The defendant carries the burden of proving both prongsinaccuracy of the information and prejudicial reliance by the sentencing courtby clear and convincing evidence." Id., ¶22 (citations omitted). See also State v. Littrup, 164 Wis. 2d 120, 132, 473 N.W.2d 164 (Ct. App. 1991) (the defendant has the burden of proving by clear and convincing evidence the inaccuracy of the information and that the information was prejudicial). Once a defendant meets his burden of proof, the burden shifts to the State to show that the error was harmless, that is that there is no reasonable probability that the error contributed to the outcome. Groth, 258 Wis. 2d 889, ¶22.
¶6 We are first compelled to address Orlebeke's suggestion that the trial court based the sentence on information gained through ex parte contacts. At the postconviction hearing, the trial court explained that he got the information from the warden and persons running the sexual offender treatment program at the Oshkosh Correctional Institution during a prison visit as part of a judicial education program. Judges are required to attend judicial education programs, including a prison tour once every six years, so they are better prepared to handle the cases before them. See SCR 32.02, 32.04 (2001-02). There is nothing improper with a judge applying what he or she has learned in the approved and required judicial education programs. See State ex rel. Cholka v. Johnson, 96 Wis. 2d 704, 713, 292 N.W.2d 835 (1980) (the court, like a jury, may apply common knowledge and individual observations and experience). The suggestion that the trial court acted improperly in utilizing information gleaned from continuing judicial education is offensive.
¶7 We conclude that Orlebeke failed to meet his burden of proof that the information the trial court relied on was in fact entirely inaccurate. While his proof was that the length of time for completion of prison sex offender treatment varied, he did not establish that the seven-year average referenced by the trial court was false. The trial court explained that the prison officials had indicated that, on average, a seven-year sentence was needed to assure completion of sexual offender treatment because of waiting list time and the propensity of participants to drop out and restart the treatment program. The trial court was concerned that because Orlebeke would participate in sexual offender treatment as a condition of probation, if his probation were revoked, it would most likely mean that Orlebeke had sexually reoffended. The postconviction hearing demonstrated that if that "worst case scenario" came to pass, the seven-year treatment time might be accurate because a sexual reoffender might need a higher level of sexual offender treatment. Just as Orlebeke contends it was premature for the trial court to consider the reasons that might cause revocation of probation, it is premature for Orlebeke to claim as an absolute that he would only need the lower and shorter level of sexual offender treatment in prison.
¶8 Even if the seven-year average is not applicable to Orlebeke, the trial court's reliance on that information was harmless. The trial court was concerned with impressing upon Orlebeke the need to comply with the very strict rules of probation applicable to a sexual offender. It believed that if Orlebeke's probation were revoked, it would mean he had "substantially violated a major tenet of the aspect of community safety." The sentence was designed not only to assure that in that event Orlebeke would have time to complete prison sexual offender treatment, but also that an ample penalty hung over Orlebeke's head to encourage his successful compliance with the rules of probation. Thus, the need for treatment in prison was not the only factor behind the length of confinement.
¶9 For the same reason we reject Orlebeke's contention that the information about the length of prison sexual offender treatment or that Orlebeke would be subject only to a shorter treatment program were new factors justifying sentence modification. Even assuming the information Orlebeke provided was more accurate or new to the court, a new factor does not require sentence modification unless it frustrates the purpose of the original sentence. State v. Michels, 150 Wis. 2d 94, 97, 441 N.W.2d 278 (Ct. App. 1989). The trial court exercises its discretion in determining if the sentence is frustrated by the new factor or whether the original sentence is unjust. See State v. Franklin, 148 Wis. 2d 1, 8, 14, 434 N.W.2d 609 (1989). The trial court's intent to have a stiff penalty backing up probation is not affected by the information about the length of treatment programs or the probability that Orlebeke would only require a shorter treatment program. The new information did not frustrate the court's desire to protect the community in the event that probation was revoked by reason of sexual reoffending. The court properly exercised its discretion in determining that the new information did not support sentence modification.
¶10 Equating the trial court's observation of the seven-year sentence requirement to a preconceived policy of sentencing all sex offenders to at least seven years, Orlebeke contends the sentence was the result of an erroneous exercise of discretion. It is an erroneous exercise of discretion for the sentencing court to employ a "preconceived policy of sentencing that is `closed to individual mitigating factors.'" State v. Ogden, 199 Wis. 2d 566, 571, 544 N.W.2d 574 (1996).
¶11 Ogden points out that it is not impermissible for the sentencing court to entertain general predispositions regarding the propriety of a certain type of sentence. Id. at 573. The proscription is against failing to individualize the sentence. See id. Here the sentence was individualized and did not reflect a prejudgment or rigid policy. The trial court acknowledged the mitigating factors surrounding Orlebeke's crime. Yet it also questioned whether Orlebeke would be able to comply with the strict conditions of probation in light of his personal characteristics and persistence with which he continued the relationship in the face of warnings to stay away from the young victim. As we have previously pointed out, the term of confinement was based in part on the need to encourage Orlebeke's compliance and success on probation.
¶12 Orlebeke's final argument is that the terms of confinement and extended supervision are unduly harsh and excessive. A sentence is improper only "where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." Ocanas v. State, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). The maximum sentence that could have been imposed was thirty years. WIS. STAT. §§ 939.50(3)(bc), 948.02(2) (1999-2000).
¶13 We conclude the sentence is not excessive. Despite the mitigating factors concerning Orlebeke's low functioning level, his lack of adult skills, and that the crime did not involve violence or sexual intercourse but rather a romantic attachment, the victim was very young and Orlebeke renewed the relationship after a prior arrest and warning to stay away from the victim. The trial court explained its reasons for the time imposed in a manner that comports with State v. Gallion, 2004 WI 42, ¶¶45-46, ___ Wis. 2d ___, 678 N.W.2d 197 (No. 01-0051-CR), by linking the time imposed to the objectives to be served. It was not unreasonable for the trial court to consider or anticipate what might lead to the revocation of probationthe "worst case scenario." By fixing the term of confinement so that Orlebeke would feel the weight of the sentence, the trial court forfeited the opportunity to impose a sentence after revocation of probation which could be based on Orlebeke's performance while on probation. The court had to avail itself of the opportunity to impose an appropriate sentence in the event probation was revoked. Also, the imposed and stayed sentence was well within the maximum and not excessive. See State v. Daniels, 117 Wis. 2d 9, 22, 343 N.W.2d 411 (Ct. App. 1983) ("A sentence well within the limits of the maximum sentence is not so disproportionate to the offense committed as to shock the public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.").
By the Court.Judgment and order affirmed.