# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Wesley HASKINS, Defendant-Appellant.

Court of Appeals

*No. 86–1617–CR. Submitted on briefs February 25, 1987.—Decided April 15, 1987.*

(Also reported in 407 N.W.2d 309.)

For the defendant-appellant the cause was submitted on the briefs of *Thomas P. Lyons* and *Michael J. Cohen* of *Cunningham, Lyons, Steele & Cramer, S.C.* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Wesley Haskins appeals from a judgment of conviction for burglary as a habitual offender in violation of secs. 943.10 and 939.62, Stats. He also appeals from an order denying his post-conviction motion for a new trial based upon alleged ineffective assistance of trial counsel. In addition,

Haskins appeals his sentence, claiming it is excessive in violation of his constitutional rights.

We conclude that trial counsel's failure to raise the issue of Haskins' competency to proceed constituted deficient performance which operated to prejudice Haskins. We reverse the circuit court order and remand with instructions that the circuit court determine if a meaningful *nunc pro tunc* competency hearing can now be conducted and, if so, that such a hearing be conducted pursuant to sec. 971.14, Stats. We further conclude that Haskins' sentence is not excessive.

Haskins was alleged to have burglarized a Racine garage on June 9, 1985. He is deaf and incapable of speech; he can only communicate through an interpreter on the basis of his specialized sign language. The interpreter assisted Haskins throughout the proceedings below, including the trial.

During the hearing on Haskins' post-conviction motion, his trial counsel testified that he had previously represented Haskins on six to nine different criminal charges. Trial counsel also testified that during his earlier representation of Haskins, he had sometimes raised the issue of Haskins' competence and at other times had not. The record indicates that Haskins was declared incompetent to proceed on at least one prior occasion.

Regarding the current charges, Haskins' trial counsel testified that although he possessed letters and documents from experts questioning Haskins' competency to proceed, he opted not to raise this issue. Counsel explained that even when Haskins had previously been declared incompetent, he had been confined for twelve months. Haskins' trial counsel stated it was his opinion that:

> [T]he best strategy in helping [Haskins] was to keep him out of confinement—any kind of confinement and that could best be done by not raising the issue and proceeding to trial .... [Had Haskins been found incompetent,] he would have been confined for a period of probably twelve months, maybe even eighteen months. At the end of that time there was a fair chance that the trial court here would have then found him competent to stand trial and then he might have been—had a chance at being convicted and then would have been confined on a criminal sentence ... .

Consequently, trial counsel stated that he "decided on [Haskins'] behalf ... to roll the dice and take a chance with the jury." At the conclusion of the post-conviction hearing, the trial court noted that it had significant prior contacts with Haskins and knew of his communication problems and his past attempts to be declared incompetent. Based on this information, the trial court distinguished this case from *State v. Johnson,* 133 Wis. 2d 207, 395 N.W.2d 176 (1986), and concluded that regardless of trial counsel's failure to raise the competency issue, Haskins was able to understand the proceedings and to "effectively present to the jury his defense." The trial court's conclusion is equivalent to a finding that Haskins was competent to proceed. *See* sec. 971.13, Stats.[1]

A criminal defendant's right to counsel is guaranteed by the sixth amendment to the United States

---

[1]Section 971.13, Stats., provides in relevant part:

No person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures.

Constitution and by art. I, § 7 of the Wisconsin Constitution. The right to counsel exists to protect the defendant's fundamental due process right to a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684 (1984). The test set forth in *Strickland* for determining whether defense counsel's actions constituted ineffective assistance in the constitutional sense requires a determination of: (1) whether the attorney's performance was deficient; and (2) whether the attorney's allegedly deficient performance prejudiced the defense. *Id.* at 687. The trial court's ineffective assistance of counsel analysis involves mixed questions of law and fact. *State v. Pitsch,* 124 Wis. 2d 628, 633–34, 369 N.W.2d 711, 714 (1985). The trial court's findings of historical fact will not be reversed unless clearly erroneous. *Id.* at 634, 369 N.W.2d at 714. However, the questions of whether trial counsel's conduct was deficient and prejudicial are questions of law, and no deference is given by this court to the decision of the trial court. *Id.* at 634, 369 N.W.2d at 715.

Under the first prong of the *Strickland* test, a two-step analysis is necessary: (1) the defendant must identify the acts or omissions of counsel that were allegedly not the result of reasonable professional judgment; and (2) the court must determine, in light of all of the circumstances, whether these identified acts or omissions fell below the professionally competent assistance standard and whether counsel made the adversarial testing process work in the particular case. *Id.* at 636–37, 369 N.W.2d at 716.

When defense counsel has a reason to doubt the competency of his client and fails to raise the issue with the trial court, his representation is deemed to be

deficient. *Johnson,* 133 Wis. 2d at 220, 395 N.W.2d at 182. Here, it is undisputed that Haskins' trial counsel had a reason to doubt his client's competency.[2] At the post-conviction hearing, Haskins' trial counsel stated that:

> [Haskins] could [not] provide any real effective assistance [in his defense] ... [Haskins'] mind was in and out .... He'd wander off and he could not retain a train of thought for any length of time that was sufficient to really be effective in communicating.

As a result and regardless of trial counsel's stated strategy in not raising the competency issue, the state concedes the first prong of this analysis. *See id.* at 221, 395 N.W.2d at 183.

Under the second prong of the *Strickland* test, the question is whether trial counsel's errors were so serious that the defendant was deprived of a fair trial. *Pitsch,* 124 Wis. 2d at 640–41, 369 N.W.2d at 718. An error is prejudicial if it undermines confidence in the outcome. *Id.* at 642, 369 N.W.2d at 719. Even if the error of counsel cannot be shown by a preponderance of the evidence to have determined the outcome, the result of the proceeding can be rendered unreliable and hence the proceeding itself can be rendered unfair. *Id.* at 642, 369 N.W.2d 718. The ultimate focus of inquiry is on the fundamental fairness of the

[2]We stress that Haskins' communication handicaps do not per se raise a reason to doubt his competency. Rather, it is Haskins' inability to *rationally* communicate with his counsel which raises this doubt.

proceeding whose result is being challenged. *Johnson,* 133 Wis. 2d at 223, 395 N.W.2d at 184.

In *Johnson,* the supreme court held that where a trial counsel's performance is deficient and "there is a reason to doubt the defendant's competence to stand trial, the defendant is deprived of a fair trial, thereby undermining confidence in the outcome." *Id.* There, as in this case, the defendant's trial counsel strategically decided not to raise the competency issue even though he had a "reason to doubt" the competency of his client. In determining whether the trial counsel's deficient performance met the second prong of the *Strickland* test, the court analyzed whether there was a reason to doubt the defendant's competency under sec. 971.14(1)(a), Stats., which would require a trial court to conduct a competency hearing on its own motion. The court concluded that the evidence raising a reason to doubt under the first prong of the *Strickland* test reached the same level under the second prong, and because the trial court was deprived of the evidence, the outcome of the trial was rendered unreliable. *Id.* at 223–24, 395 N.W.2d at 184.

Here, the state attempts to distinguish this case from *Johnson* by arguing that the trial court was fully aware of Haskins' history and thus the trial counsel's failure to raise the competency issue did not deprive the court of the necessary evidence. While we accept the distinction, we disagree with the state that it is dispositive here.

Our analysis of this second *Strickland* prong centers upon sec. 971.14, Stats., which requires a court to order a competency hearing whenever it has "a reason to doubt" a defendant's competency to stand trial. Ordinarily, we would treat a trial court's finding of whether there is a reason to doubt under sec. 971.14

as a finding of fact which would not be overturned on appeal unless clearly erroneous. *See* sec. 805.17(2), Stats. However, the "reason to doubt" issue in this case is presented to us in an ineffective assistance of counsel context. In fact, this "reason to doubt" issue is dispositive of the second *Strickland* prong. Because of the constitutional dimensions, we treat the question of whether the trial court had a reason to doubt Haskins' competency as a question of constitutional fact which we review independently from the decision of the trial court. *See State v. Fry*, 131 Wis. 2d 153, 171, 388 N.W.2d 565, 573 (1986), *cert. denied*, 107 S. Ct. 583 (1987).

In this light, and based upon the post-conviction proceedings, we conclude, as a matter of law, that reason to doubt Haskins' competency to proceed under sec. 971.14, Stats., existed. Before the competency of the defendant must be looked into, there must be some evidence raising doubt as to his competence or a motion for a determination on the question setting forth the grounds for the belief that such competency is lacking. *State v. McKnight*, 65 Wis. 2d 582, 595, 223 N.W.2d 550, 557 (1974). Here, the evidence at the post-conviction hearing included: (1) the testimony of trial counsel raising legitimate doubts concerning Haskins' competency based upon counsel's experience with Haskins both in this case and prior cases; (2) expert testimony that Haskins was incompetent to proceed; and (3) Haskins' prior incompetency. We deem this sufficient to raise a reason to doubt regarding Haskins' competency and to mandate the competency proceedings under sec. 971.14.

The state argues that since the trial court already knew of the possibility of Haskins' incompetency and had the benefit of its own observations of Haskins in

this and prior cases, no prejudice to Haskins by his counsel's failure to raise this issue is demonstrated.[3] We disagree.

The issue here is not the right of the trial court to base its finding that there is no reason to doubt a defendant's competency to proceed, in part, upon its own first-hand observations of the defendant. But when the trial court's opinion is countered by expert testimony that the accused was incompetent, trial counsel's reservations regarding the client's competency, and a history of prior incompetency for purposes of criminal proceedings, we do not hesitate to conclude that an evaluation and further proceedings under sec. 971.14, Stats., are mandated.

Although the trail court's conclusion that Haskins was, in fact, competent may ultimately prove to be correct, this begs the question of whether there was a reason to doubt his competency so as to trigger the proceedings under sec. 971.14, Stats. We conclude, under the facts of this case, that such reason to doubt Haskins' competency to proceed was established at the post-conviction hearing. Without the requisite evaluation and further proceedings under sec. 971.14, we

---

[3]The trial court's remarks which the state utilizes in support of its argument on the second prong of the *Strickland* test were offered in the context of whether trial counsel was deficient in failing to raise the competency issue—the first prong under the *Strickland* test. Having concluded that trial counsel was not deficient, the trial court did not expressly address the question of prejudice. However, since the substance of the trial court's remarks address considerations of prejudice, albeit under the first *Strickland* prong, we will permit the state to use these remarks in support of its claim that counsel's failings did not prejudice Haskins.

harbor a significant lack of confidence in the outcome of this case.

Therefore, we reverse the post-conviction order of the trial court. However, we do not necessarily remand for a new trial. Rather, our remand must be the same as that adopted in *Johnson*. This requires the circuit court to first determine whether an adequate and meaningful *nunc pro tunc* inquiry can be made into the question of whether Haskins was incompetent to proceed; if the circuit court concludes that a meaningful inquiry can be held, the court then must hold a competency hearing; the competency hearing may be held as part of a multipurpose hearing designed to first determine whether a meaningful inquiry can be held. *Johnson*, 133 Wis. 2d at 226–27, 395 N.W.2d at 185. If the competency hearing establishes that Haskins was competent to proceed, the judgment shall stand.

If the circuit court finds that a meaningful hearing cannot be held, or if it finds that Haskins was incompetent during trial, then Haskins must be granted a new trial. *Id.* at 227, 395 N.W.2d at 185.[4] In such event, the court shall vacate the present judgment of conviction.[5]

---

[4]The *Johnson* mandate provides for a new trial in the event the defendant is found incompetent. This language could be read to preclude any sec. 971.14, Stats., proceedings and to permit only a "trial" in the conventional sense of the word. This reading would tolerate the trial of an incompetent, however. Therefore, we construe the language of the *Johnson* mandate to mean that a finding of incompetency requires a disposition under sec. 971.14, including the prospect of trial if competency is regained.

[5]Because we conclude that Haskins has prevailed as to his ineffective assistance of counsel claim, we are not required to address his further claim that, irrespective of counsel's actions,

Because the competency hearing may establish that Haskins was competent to proceed, we must deal with Haskins' next argument on appeal. Haskins argues that his sentence is disproportionate to the crime he committed in violation of the eighth amendment to the United States Constitution. Haskins was sentenced as a habitual offender to five years' imprisonment.

There is a strong public policy in this state against interfering with the trial court's sentencing discretion. *State v. Harris,* 119 Wis. 2d 612, 622, 350 N.W.2d 633, 638 (1984). Thus, in reviewing a sentence, we begin with the presumption that the trial court acted reasonably, and the defendant has the burden to show unreasonableness from the record. *Id.* at 622–23, 350 N.W.2d at 638–39. A trial court can abuse its sentencing discretion if it imposes a sentence which is "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and [to] violate the judgment of reasonable people concerning what is right and proper under the circumstances." *State v. Sarabia,* 118 Wis. 2d 655, 673, 348 N.W.2d 527, 537 (1984) (quoting *Ocanas v. State,* 70 Wis. 2d 179, 185, 233 N.W.2d 457, 461 (1975)).

Here, we cannot conclude that the trial court erred in the exercise of its discretion when sentencing Haskins, as a habitual offender, to five years' imprisonment. The record clearly reflects that the trial court properly weighed the factors relevant to its sentencing decision. *See Harris,* 119 Wis. 2d at 623–24, 350

the trial court was required to *sua sponte* raise the question of Haskins' competency to proceed.

N.W.2d at 639. In addition to other relevant data, the trial court considered Haskins' substantial contacts with the criminal justice system, both as a juvenile and an adult, his social history and his disabilities. Moreover, the trial court noted that Haskins' potential imprisonment exposure was greater than fifteen years but a five-year sentence was imposed. We therefore reject Haskins' challenge.

*By the Court.*—Judgment affirmed, order reversed, and cause remanded with directions.