State of Wisconsin, Plaintiff-Respondent,
v.
Frank Anastasi, Defendant-Appellant.
No. 04-0933.
Court of Appeals of Wisconsin.
Opinion Filed: September 30, 2004.
Before Deininger, P.J., Vergeront and Lundsten, JJ.
¶1 PER CURIAM.
Frank Anastasi appeals an order denying his motion for postconviction relief under WIS. STAT. § 974.06 (2001-02).[1] He claims that the State breached his plea agreement and failed to provide exculpatory information and that trial counsel performed ineffectively by failing to raise a competency issue. We reject Anastasi's contentions and affirm for the reasons discussed below.

Plea Agreement
¶2 Anastasi was on probation for a 1990 burglary conviction when he committed a series of new offenses in 1998, including the armed burglary which is the subject of this case. His probation on the 1990 conviction was revoked as a result of the 1998 offenses.
¶3 Anastasi agreed to provide the State with information about the 1998 offenses and to refrain from committing new offenses in exchange for the State's agreement to consolidate the cases and cap its combined sentence recommendations at five years.[2] Anastasi gave the police information about his involvement in the 1998 offenses. Before the cases could be consolidated, however, Anastasi attempted to escape from jail. Consequently, at the revocation sentencing hearing case, the State asserted that the agreement was void and argued for a sentence greater than five years. On a no-merit appeal from the resulting sentence on the 1990 case, this court agreed that Anastasi's attempted escape had released the State from the agreement. State v. Anastasi, No. 99-2996-CRNM, unpublished slip op. at 2 (WI App Jan. 12, 2000).
¶4 About two weeks after he was sentenced on the 1990 case, Anastasi entered a no contest plea on the armed robbery charge in this case. At the plea hearing, the trial court asked whether the parties had any agreement to put on the record. The State responded that Anastasi would enter a plea, a presentence investigation report would be ordered, Anastasi would be free to argue and the State would recommend no more than twenty years consecutive to any other sentence. Defense counsel and Anastasi both confirmed the State's explanation of the plea agreement.
¶5 Anastasi claims that the State breached its original plea agreement to recommend no more than a five-year concurrent sentence, and that he never agreed to renegotiate a new plea agreement or understood that the original agreement was no longer in effect. We agree with the State, however, that the only agreement in effect in this case was the one stated on the record at the plea hearingnamely, that the State would recommend no more than twenty years in exchange for the plea. The record demonstrates that Anastasi understood what agreement was being offered at the time he entered his plea and that the State complied with that agreement.

Exculpatory Evidence
¶6 Anastasi also argues that he would not have entered into a "package" plea agreement if the State had not withheld exculpatory materials that Anastasi claims conflicted with an activity summary the State prepared of the allegations against him. It appears that the materials Anastasi refers to are excerpts from various Rock County police reports, which he has included in his appendix.
¶7 We again note that the original plea agreement dealing with multiple cases had already been nullified before Anastasi entered his plea in this case. In any event, even assuming that the police reports were not actually turned over to defense counsel (an assertion which is not supported by any affidavit or other statement by counsel), the State correctly points out that none of the purported discrepancies Anastasi complains about directly relate to the charged offense in this case. In other words, we agree with the State that the disputed information in the reports Anastasi claims not to have received was not material to the charge in the present case, and therefore not subject to the mandatory disclosure rule of Brady v. Maryland, 373 U.S. 83 (1963) prior to the entry of Anastasi's plea.

Counsel's Failure to Request a Competency Evaluation
¶8 If there is reason to doubt a defendant's competence, defense counsel's failure to raise the issue before the trial court constitutes deficient performance under the standard for evaluating whether a defendant has been denied effective assistance of counsel. State v. Johnson, 133 Wis. 2d 207, 220, 395 N.W.2d 176 (1986). "A person is competent to proceed if: 1) he or she possesses sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding, and 2) he or she possesses a rational as well as factual understanding of a proceeding against him or her." See State v. Garfoot, 207 Wis. 2d 214, 222, 558 N.W.2d 626 (1997) (citing Dusky v. United States, 362 U.S. 402 (1960)); see also WIS. STAT. § 971.13(1) ("No person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures."). Whether reason to doubt competency exists is a factual finding which we review under the clearly erroneous standard. See State v. Haskins, 139 Wis. 2d 257, 264-65, 407 N.W.2d 309 (Ct. App. 1987).
¶9 Anastasi claims that counsel should have had Anastasi's competence evaluated and raised the issue before the trial court because counsel knew that Anastasi was taking Zoloft for depression and a psychologist who had examined Anastasi told counsel that, "[i]f you are really bipolar and you are medicated with an antidepressant such as Zoloft, if there's not a mood stabilizer included with that, it can have the effect of producing manic, hypomanic symptoms and, in fact,... could actually flip them and make them manic."
¶10 Because the trial court denied Anastasi's postconviction motion, we presume that it found that the record revealed no reason to doubt Anastasi's competence. We are not persuaded that implied finding is clearly erroneous. For one thing, the psychologist did not tell counsel that Anastasi had been diagnosed with bipolar disorder, and, in fact, the materials Anastasi submitted with his postconviction motion showed that he had been diagnosed with major depressive disorder, not bipolar disorder. Therefore, counsel had no reason to believe that the psychologist's comments regarding the possible effects of Zoloft on someone with bipolar disorder were directly relevant here. Moreover, we see nothing in the record which should have led counsel to believe that Anastasi lacked a rational understanding of the charges against him or the ability to rationally confer with counsel about those charges. We conclude the trial court properly denied Anastasi's claim of ineffective assistance of counsel.
¶11 In light of our determination that Anastasi's claims lack merit, we do not address whether they would otherwise be procedurally barred.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Although we do not have a copy of the original agreement in the record before us, the State does not dispute that an agreement of some form existed. For the sake of this opinion, we will assume, as Anastasi asserts and as appears to be supported by comments made at the revocation sentencing hearing, that the proposed deal would have encompassed this case as well as the 1990 case.