COURT OF APPEALS
DECISION
DATED AND FILED

May 19, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2218-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF1667

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DEMETRIUS LEE GOHRE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and orders of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Demetrius Lee Gohre appeals from a judgment convicting him of one count of first-degree reckless homicide with the use of a dangerous weapon and one count of possession of a firearm by an adjudicated delinquent. Gohre also appeals from the orders denying his postconviction motions for relief. Upon review, we affirm.

## BACKGROUND

¶2     On May 14, 2020, the State filed an amended criminal complaint charging Gohre with one count of first-degree reckless homicide with the use of a dangerous weapon and one count of possession of a firearm by an adjudicated delinquent. The charges stemmed from the shooting death of Norman Baker. According to the charging documents, in the early morning hours of April 17, 2020, Milwaukee police were dispatched to 5156 North 39th Street, where they found Baker lying on the street suffering from several gunshot wounds. Baker ultimately died from his wounds. The complaint states that Detective Jake Puschnig spoke with one witness, K.W., who stated that he was with Baker prior to the shooting. K.W. stated that Baker and an unknown man got into an argument, and the man pulled out what appeared to be a nine-millimeter handgun and threatened to shoot Baker, but did not actually shoot. Surveillance video from the corner store confirmed K.W.'s statement, and K.W. later identified Gohre in a photo array. Gohre is also visible in the surveillance video. Another witness, K.J., told Detective Sean Lesniewski that when he saw Baker at 5:00 a.m. on the morning of the shooting, Baker was agitated and trying to find a cell phone. While they were walking, K.J. heard Baker say, "You just gonna shoot me?" K.J. then saw a man point a firearm at Baker and two muzzle flashes from the gun. Baker fell and the man stood over Baker, and shot him one or two more times. K.J. identified Gohre in a photo array.

¶3      Prior to trial, Gohre filed a notice of alibi, claiming he could not have shot Baker because at the time of the shooting he was with Adante Grier. The State asked Detective Lesniewski to interview Grier about the alibi claim. Detective Lesniewski and another detective conducted an interview with Grier. Detective Lesniewski reported that Grier initially did not want to speak with the detectives, but when the detectives told Grier that Gohre listed him as an alibi, Grier responded "Hell no."  Detective Lesniewski reported that Grier stated he was with Gohre earlier in the day but he was not with Gohre at the time of the shooting.

¶4      Also prior to trial, and as relevant to this appeal, the trial court asked the State at the final pretrial hearing whether Gohre made any ***Mirandized***[1] statements that the State planned to use at trial.  The State responded in the negative.  Defense counsel told the court that a ***Mirandized*** statement by Gohre did exist, but that counsel assumed the State would not use the statement because it was not inculpatory.

¶5      The matter proceeded to trial where numerous witnesses, including K.W., K.J., multiple law enforcement officers, including Detective Lesniewski, medical personnel, and a forensics expert all testified.  The jury also viewed the surveillance video from outside of the corner store, which showed Gohre and Baker arguing and Gohre pulling out a firearm.  The jury found Gohre guilty of both charges.  The trial court sentenced Gohre to 26 years of initial confinement and 10 years of extended supervision on the first-degree reckless homicide count,

---

[1] *See **Miranda v. Arizona**,* 384 U.S. 436 (1966).

3

and a consecutive sentence of three years of initial confinement and three years of extended supervision on the possession of a firearm count.

¶6 Gohre filed a postconviction motion for a new trial. Gohre alleged that his defense counsel was ineffective for not investigating Grier as an alibi witness and for not calling Grier to testify. The postconviction court denied the motion without a hearing. Gohre appealed, but moved to voluntarily dismiss the appeal and file a supplemental postconviction motion because "counsel's investigator uncovered new evidence warranting a supplemental postconviction motion." This court dismissed Gohre's appeal.

¶7 Gohre filed a supplemental postconviction motion arguing that defense counsel was ineffective for failing to object to evidence of allegedly inculpatory statements Gohre made to police. He also incorporated the ineffective assistance of counsel claim regarding the alibi witness that he raised in his first postconviction motion. Alternatively, Gohre argued that the trial court erroneously exercised its sentencing discretion by imposing an unduly harsh sentence. The postconviction court again denied the motion without a hearing. This appeal follows.

## DISCUSSION

¶8 On appeal, Gohre reiterates the arguments made in his previous two postconviction motions. Specifically, he contends that defense counsel was ineffective for failing to object to an inculpatory statement Gohre made to police which placed him at the corner store one hour before the shooting. He contends that the State committed a discovery violation by introducing the statement at trial and counsel should have objected and moved for a mistrial. He also contends that defense counsel was ineffective for failing to investigate his alibi witness.

Alternatively, Gohre argues that the trial court imposed an unduly harsh sentence and that he is entitled to a sentence reduction. We address each issue.

¶9 To demonstrate ineffective assistance of counsel, "the defendant must prove (1) that [defense] counsel's performance was deficient; and (2) that this deficiency prejudiced the defendant." *State v. Dillard*, 2014 WI 123, ¶85, 358 Wis. 2d 543, 859 N.W.2d 44. An attorney is deficient if he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Allen*, 2004 WI 106, ¶26, 274 Wis. 2d 568, 682 N.W.2d 433 (citations omitted). Prejudice is "defined as a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Guerard*, 2004 WI 85, ¶43, 273 Wis. 2d 250, 682 N.W.2d 12. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citation omitted). The movant must prevail on both prongs to secure relief. *Allen*, 274 Wis. 2d 568, ¶26.

¶10 Gohre contends that the State committed a discovery violation by failing to notify the defense that it intended to elicit testimony from a detective who conducted a custodial interview with Gohre in which Gohre admitted to being at the corner store about an hour before the shooting while arguing with Baker. Gohre told the detective that he was too high to remember anything else. Gohre contends that defense counsel should have objected to this testimony and moved for a mistrial because the State indicated at the pretrial hearing that it would not use any inculpatory statements at trial. Gohre contends that the statement placing himself at the corner store was inculpatory because that was the location where he possessed a firearm and argued with Baker. Gohre is mistaken.

¶11 Gohre's argument centers on his contention that the State violated the discovery obligations contained in WIS. STAT. § 971.23(1)(b) (2023-24),[2] which states:

> Upon demand, the district attorney shall, within a reasonable time before trial, disclose to the defendant or his or her attorney and permit the defendant or his or her attorney to inspect and copy or photograph all of the following materials and information, if it is within the possession, custody or control of the state:
>
> …
>
> (b) A written summary of all oral statements of the defendant which the district attorney plans to use in the course of the trial and the names of witnesses to the defendant's oral statements.

Gohre argues that the State had a "duty to disclose" its intent to use the statement at trial, and, after the pretrial conference, the State had a duty "to advise the defense that [it] had changed [its] mind." We note first, that the State did not violate § 971.23(1)(b) because the State provided the defense with police reports containing summaries of the statements Gohre made to police, including the statement Gohre complains of. Defense counsel knew of the statement and indicated at the pretrial hearing that she did not believe the statement was inculpatory. We note that Gohre's presence at the corner store an hour before the shooting was clearly established by surveillance footage. Thus, defense counsel could not have rendered ineffective assistance for failing to object to a discovery violation that did not exist and for failing to object to testimony that was clearly verified by surveillance footage presented to the jury. It follows that defense counsel was not ineffective for failing to move for a mistrial. In short, Gohre

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

cannot establish a discovery violation or that he was prejudiced by the detective's testimony when surveillance video unequivocally shows an armed Gohre at the corner store arguing with Baker an hour before the shooting.

¶12    Gohre next contends that defense counsel was ineffective for failing to investigate his alibi witness. We agree with the postconviction court's analysis on this issue:

> [W]hen detectives asked [the witness] if he was with the defendant at the time of the homicide, he responded, "Hell no." A police report memorializing that conversation was turned over to counsel in advance of the … trial. Counsel cannot be deemed deficient for failing to call an "alibi witness" who, just 19 days before trial, emphatically denied being with the defendant at the time of the homicide.

We also agree with the postconviction court that Gohre was not prejudiced by counsel's failure to investigate the alibi witness. The evidence presented at trial was overwhelmingly sufficient for the jury to convict Gohre. The jury heard testimony from multiple eyewitnesses, saw surveillance footage showing an armed Gohre arguing with Baker an hour before the shooting, and heard about cell phone evidence placing Gohre near the scene of the shooting. The lack of an alibi witness does not undermine our confidence in the outcome of the trial. *See Guerard*, 273 Wis. 2d 250, ¶43.

¶13    As an alternative to his ineffective assistance of counsel claims, Gohre seeks a sentence reduction on the grounds that the trial court erroneously exercised its sentencing discretion. Specifically, he contends that the trial court's sentencing decision "failed to take into account the rehabilitative needs of the defendant, as required by statute, and [was] unduly harsh or unconscionable, and should be modified to a lesser total sentence." We disagree.

7

¶14　We review a trial court's sentencing determination for an erroneous exercise of discretion. *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. "In exercising discretion, sentencing courts must individualize the sentence to the defendant based on the facts of the case by identifying the most relevant factors and explaining how the sentence imposed furthers the sentencing objectives." *State v. Harris*, 2010 WI 79, ¶29, 326 Wis. 2d 685, 786 N.W.2d 409. In determining a sentence, the trial court must consider the protection of the public, the gravity of the offense, the rehabilitative needs of the defendant, and any applicable mitigating or aggravating factors. WIS. STAT. § 973.017(2); *see also Gallion*, 270 Wis. 2d 535, ¶40.

¶15　A trial court's sentencing decisions "'are generally afforded a strong presumption of reasonability because the [trial] court is best suited to consider the relevant factors and demeanor of the convicted defendant.'" *Gallion*, 270 Wis. 2d 535, ¶18 (citation omitted). The defendant has the burden to show unreasonableness from the record. *State v. Haskins*, 139 Wis. 2d 257, 268, 407 N.W.2d 309 (Ct. App. 1987). We may "'search the record for reasons to sustain'" the court's exercise of sentencing discretion. *State v. Salas Gayton*, 2016 WI 58, ¶20, 370 Wis. 2d 264, 882 N.W.2d 459 (citation omitted).

¶16　A trial court erroneously exercises its sentencing discretion if it imposes an unduly harsh or unconscionable sentence. *Haskins*, 139 Wis. 2d at 268. A sentence is unduly harsh or unconscionable only if it is "'so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.'" *State v. Cummings*, 2014 WI 88, ¶72, 357 Wis. 2d 1, 850 N.W.2d 915 (citation omitted). "A sentence well within the statutory limits is unlikely" to be considered unduly harsh or unconscionable. *Id.*,

¶74 (citation modified). "Near maximum sentences are not ... automatically suspect." *Id.*

¶17    Gohre has not met his burden of showing that the trial court erroneously exercised its sentencing discretion. The record reflects that the court considered the appropriate sentencing factors, focusing on the gravity of the offense, the need to protect the public, and Gohre's character. The record also reflects that the court did consider Gohre's rehabilitative needs. The court ordered a mental health evaluation related to Gohre's history of depression and ADHD, and explained its reasons for finding Gohre ineligible for the Substance Abuse Program and the Earned Release Program. While the court did not place heavy emphasis on rehabilitation, the court has the discretion to determine how much weight to assign to each sentencing factor. *Gallion*, 270 Wis. 2d 535, ¶41. The record establishes that the trial court did appropriately consider Gohre's rehabilitative needs and considered the appropriate sentencing factors.

¶18    We also disagree that Gohre's sentence was unduly harsh. Gohre was convicted of first-degree reckless homicide, which carries a maximum sentence of 60 years of imprisonment. *See* WIS. STAT. §§ 940.02(1), 939.50(3)(b). He was also convicted of possession of a firearm by an adjudicated delinquent, which carries a maximum imprisonment term of 10 years. WIS. STAT. §§ 941.29(1m), 939.50(3)(g). The sentence imposed here was well within the maximum Gohre faced and, given the facts of this case, was not unduly harsh or excessive. *See State v. Stenzel*, 2004 WI App 181, ¶21, 276 Wis. 2d 224, 688 N.W.2d 20 (stating that a sentence is unduly harsh or excessive "only where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." (citation

omitted)). We conclude that the trial court appropriately exercised its sentencing discretion.

## CONCLUSION

¶19 For the foregoing reasons, we affirm the judgment of conviction and the orders denying Gohre's postconviction motions.

*By the Court.*—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.